Arthur J. Bayer, Jr., Esq.
Nevada Bar No. 01366
18124 Wedge Parkway, #404
Reno, Nevada 89511
Telephone: (775) 315-3838
abayerjr@aol.com

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| LUCERO SANCHEZ, | Case No. 3:21-cv-00352-MMD-WGC |
| Plaintiff, | **AMENDED COMPLAINT- TITLE VII** |
| vs. | ADA Violations<br>Disability Discrimination<br>Racial Discrimination<br>Retaliation Harassment |
| RENOWN HEALTH, a Nevada Non-Profit Corporation, and DOES 1-20, inclusive, | 42 U.S.C. §§2000e et seq. |
| Defendant. | ENE Assignment Requested Under LR-16-6 |
| _____/ | **JURY TRIAL DEMANDED** |

COMES NOW PLAINTIFF, LUCERO SANCHEZ, individually, (hereafter "Sanchez" or "Plaintiff"), by and through her undersigned counsel of record, and does hereby allege and complain against RENOWN HEALTH, a Nevada Non-Profit Corp. (hereinafter "RENOWN" or Defendant), as follows:

**NATURE OF ACTION**

This is an action under the American with Disabilities Act of 1990, as amended by the ADA Amendment Act (ADAAA) of 2008 for unlawful discrimination, 42 U.S.C.

1

1981 and 12131.  This is also a civil rights action under Title VII of the Civil Rights Act of 1964, as amended, against Defendant, seeking damages, and to correct unlawful employment practices, and to provide appropriate statutory relief to charging party, Lucero Sanchez.  The defendant Renown committed the below-described acts, which discriminated against Plaintiff based upon her race and her work-related disability; and deprived her of rights guaranteed and secured under the Constitution of the United States and the State of Nevada, with the intent of denying Plaintiff equal protection under the law, and her other rights and liberties; and for refusing or neglecting to prevent such discrimination, deprivation and denial, all as more fully specified below.

Plaintiff, Lucero Sanchez, brings this action under Title VII of the Federal Civil Rights Act of 1964, as amended (42 U.S.C. § 1981, 2000 (e), et seq.); 29 U.S.C. § 630 et seq.; 29 U.S.C. 621 et seq.; the American's With Disabilities Act of 1990, 42 U.S.C. § 12131, et seq. (ADA), to remedy and correct acts of employment discrimination perpetrated against her by Renown.  Plaintiff alleges that Renown discriminated against her because she was "**Mexican.**"  Plaintiff further asserts that Renown retaliated against her for having complained about such discrimination, and disability discrimination, and for unfair treatment, including forcing her into a demotion, and a significant reduction in her hourly wage.

Defendant unlawfully subjected Lucero Sanchez to an abusive and hostile working environment, all because of her race and nationality, in violation of Title VII, 42 U.S.C. § 2000(e)-2(a).  Further, the Defendant discriminated against Sanchez notwithstanding her obvious disability, and then demoted Sanchez in retaliation for her opposition to the unlawful employment practices, all in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000(e)-3(a) through 17.  The "EEOC" found that Defendant discriminated against Sanchez because of her work-related medical disability, and unlawfully refused to accommodate Plaintiff's disabilities in accordance with the American with Disabilities Act. *See* Exhibit 4.

This action further arises under the Fourteenth Amendment to the United States Constitution, as hereinafter more fully appears.

## PROCEDURAL REQUIREMENTS

On or about January 8, 2018, Plaintiff filed a workplace discrimination complaint with the Equal Employment Commission ("EEOC"), Charge No. 34B-2017-01343, (NERC) 0112-18-0007-R, based upon racial discrimination, disability discrimination, harassment, and retaliation, and the EEOC found **"Probable Cause"** of disability discrimination. *See* Exhibit 1. The claim of racial discrimination is further documented herein. The United States Equal Employment Opportunity Commission (hereinafter "EEOC") issued a **Notice of Right to Sue** on or about June 2, 2021. *See* Exhibit 5.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1291, 1331, 1337, 1343 and 1345. Supplemental jurisdiction arises over the pendant state law claims pursuant to 28 U.S.C. § 1367(a). This action is also authorized and instituted pursuant to Section 706 (f)(1) and (3) of the Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-5 (f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(e). The Plaintiff was employed with Renown at the time of the alleged discrimination, and Plaintiff's employment records for over twenty-eight (28) years have been maintained by Renown. Defendant conducts business in this judicial district, and decisions adverse to Plaintiff's employment, that are the subject of this civil action occurred in this judicial district.

## PARTIES

4. Plaintiff, as an individual, is a citizen of the United States and an adult resident of the State of Nevada. At all times relevant to this action, Plaintiff, as an individual, resided in Reno, Nevada; was employed by Renown; and is a "person" within the meaning of 42 U.S.C. § 2000(e)(a) and 29 U.S.C. § 630(a) and belongs to a class of persons protected by Title VII, and the ADA/AA, 42 U.S.C. 12131 et seq., as well as Nevada Law.

5. Upon information and belief, Defendant RENOWN HEALTH is a domestic non-profit corporations incorporated under the laws of the State of Nevada.

6. Upon information and belief Defendants are an "employer" within the meaning of 42 U.S.C. § 2000(e)(b), 29 U.S.C. § 630(b), and NRS 613.310, because it employed 20 or more individuals on a full-time basis in excess of 20 weeks per year.

7. DOES 1-10 are the currently unknown, subsidiaries, partners, joint venture partners, trusts, or other affiliates of Defendant who hold or claim any interest in the transaction, or who have responsibility for the acts and omissions alleged in this Complaint. If and when Plaintiff discovers that Defendant's correct entity(ies) have not been named in this Complaint, Plaintiff will seek leave to amend this Complaint to substitute the proper Defendant's entity(ies) for the fictitiously named entities.

8. DOES 11-20 are Defendant's officers, directors and managing agents who acted independently, or at the direction of Defendant, Renown, who knew, or should have known, of the Defendant's misconduct against Plaintiff, and the damages it would cause.

9. That each Defendant is the agent, servant, employee, representative, principal, master, supervisor and/or employer of each of the other Defendants; each Defendant was acting within the service and scope of that agency, employment or other relationship at all times alleged herein. Relief is sought herein against each and all Defendants, as well as its or their agents, assistants, successors, employees and all persons acting in concert or cooperation with them or at their direction.

## CONDITIONS PRECEDENT

10. More than thirty (30) days prior to the institution of this lawsuit, Lucero Sanchez filed charges of discrimination with the EEOC alleging violations of Title VII by Defendant. *See* Exhibit 1.

11. On or about April 20, 2021, the EEOC issued to Defendant a Letter of Determination, finding "**probable cause**" to believe that Defendant violated Title VII, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief. See Exhibit 4.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure, through informal methods of conciliation, from Defendant, a conciliation agreement acceptable to the Commission, and a Right to Sue Letter accordingly issued. *See* Exhibit 5

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS/CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Racial Discrimination/ Hostile Work Environment**

15. Lucero Sanchez (hereinafter "Sanchez") has been employed by Renown South Meadows since August 18, 1993, over 28 years.

16. As of 2014, Sanchez's position with Renown was "Food and Nutrition Services ("FNS") Coordinator." Her rate of pay was $16.95 per hour. Her performance evaluations indicate that she excelled in all her duties, which included generating financial reports, coordinating events, and handling cash flows. She had her own office and a safe, in which she stored cash and valuables and she made daily

bank deposits using her personal vehicle. Her work was primarily sedentary and required little pushing, pulling or lifting.

17. In October 2014, during an event planning meeting, Plaintiff's direct supervisor, Christina Vargas, openly stated, "**I hate fucking Mexicans**," to FNS Manager Justin Bart, who laughed at the comment. This comment was overheard by several employees and permeated the employees environment on a daily basis.

18. On or about June 29, 2015, a meeting was held between German Pineda, who was an employee and also of Hispanic origin; and Supervisors/Managers Justin Bart, and Christine Vargas; and Human Resources representative Jesse Russell. At this meeting Mr. Pineda was fired. In that meeting, Sanchez was falsely accused of being a spy for Mr. Pineda, enlisted to report on the workers and conduct of management. Pineda defended Sanchez but was expressly informed that "it was going to change" once he was gone, **and that Sanchez would be the next one fired**. This pattern of abusive racial discrimination was pervasive and was allowed and tolerated by Renown. This discrimination continued during all times pertinent hereto and was emotionally devastating to plaintiff.

19. In July 2015, Sanchez complained to HR Manager, Suzanne Oetjen, about an incident with Christina Vargas, during which Mrs. Vargas physically intimidated Sanchez by physically cornering her, aggressively assaulting her, and demanding the keys to the safe in Sanchez's office. Plaintiff reported to management, and in response to hearing of this incident, supervisor Oetjen stated to Ms. Sanchez, "**They are new bosses and they can do what they think is best for the company**."

20. The following week, Oetjen called Sanchez into her office and falsely accused her about a "mysterious package" that had allegedly been planted in Sanchez's car. Despite the obvious security concern, no law enforcement personnel were present, which is a Renown policy violation. Mrs. Sanchez was physically forced to enter her vehicle and remove all its contents in front of management and the head

6

of security. Nothing was in the vehicle of course, and it was emotionally and physically intimidating to Sanchez.

21. Shortly thereafter, Mrs. Sanchez was demoted and placed in demeaning employment positions, such as a Dishwasher. See NAC 616C.586 and NRS 616A.400, and NRS 616C.5900. Her hourly rate of pay was reduced to $14.48.

22. Sanchez was passed over twice to fill the position of FNS Supervisor, even though she was the most experienced, the most qualified, and the obvious candidate for the position. Sanchez was then required to perform menial work outside the scope of her FNS Coordinator position, covering the Food Cashier and Dishwasher positions, and was forced to use her breaks to perform her other official duties, that were crucial to the function of the FNS department, such as, completing necessary paperwork and financial reports and making trips to the bank to make deposits.

23. In January 2016, Sanchez was told she was going to be removed from the office she had occupied for 15 years, as it would now be occupied by Kristen Foley, a friend of Ms. Vargas.

24. During this time, defendant Renown engaged in unlawful employment practices in violation of Section 703 (a) of Title VII, 42 U.S.C. 2000e-2a, and allowed the supervisors to subject Sanchez to extremely abusive and discriminatory conduct, and to carry out an unlawful pattern of racial and disability discrimination.

25. As a direct and proximate result of the Defendants' actions as described herein, pursuant to 42 U.S.C. 2000e-5(g), Sanchez is entitled to fair compensation for any injuries she suffered as a result of the Defendants' conduct, the amount to be determined at trial of this matter.

26. The Defendants' actions towards Ms. Sanchez were willful, wanton, and done with malice, or with reckless indifference to her federally protected rights, which subjects Defendants to exemplary and punitive damages in an amount in excess of

$15,000.00 sufficient to punish, make an example and discourage future discriminatory conduct.

27. It has become necessary for Ms. Sanchez to engage the services of an attorney to commence this action and Ms. Sanchez is, therefore, entitled to reasonable attorney's fees and costs as damages.

## SECOND CAUSE OF ACTION

### Disability Discrimination and Policy Violations

### (ADA VIOLATIONS)

28. On or about July 26, 2016, Sanchez tripped and fell over negligently placed cables and landed hard on both knees. She was treated for her right knee injuries and subsequent patellofemoral pain. Her left knee was left untreated. Her physician said he would only treat one knee at a time.

29. On July 27, 2016, occupational health prescribed that Sanchez take frequent breaks every two hours to sit down, ice her knees and elevate both legs. As she had been forced out of her FNS Coordinator office, she was now covering Cashier duties, a position which is physically demanding, requiring the stocking of merchandise, including heavy cases of drinks, heavy boxes, cans and paper goods. Further, she was left without help or assistance from 6:00 AM to 10:00 AM, Monday through Friday of every week.

30. During this time, Sanchez continued to experience extreme hostility and discrimination from the superiors in her office and department. Her co-workers witnessed supervisors Justin Bart, Christina Vargas, Kristen Foley, Rhonda Tu, treating her with extreme disrespect, and continually demeaning her with discriminatory comments and actions.

31. Sanchez was routinely pushed out of her office and was required to cover other duties that were significantly beyond the scope of her doctor prescribed **"light duty"** work limitations.

32. On August 14, 2016, Sanchez' treating physician released her to "restricted" duty which required her to sit for 75% of the time, minimize any bending or squatting, have 15-minute breaks every two hours, and be allowed accommodation for her bilateral knee braces. Again, Sanchez was left alone, without assistance from 6:00 AM to 10:00 AM, Monday through Friday. A chair was provided for her to sit in, but the job required her to walk back and forth, delivering meals, moving merchandise, and moving heavy snack machines and boxes every day.

33. On December 30, 2016, Sanchez was demoted to Food Service Cashier, **the position in which she had already been performing.**

34. On March 9, 2017, Sanchez was informed by her doctors that she would be eleased to restricted/light/modified duty on March 15, 2017. Later that same day, she received a phone call from the doctor's medical assistant, informing her that Worker's Compensation had called to tell them that Sanchez would be released to **full duty** on March 9, 2017. However, the defendant was required to offer Sanchez a **"light duty with weight restrictions position."** NERC's, investigation revealed that "despite the need for light duty accommodations, Plaintiff was required to work outside of these restrictions for over one year with assignments to lift anywhere from 40-50 lbs. (Summer of 2016 to Fall 2017). Plaintiff was bullied and pressured to meet these employer demands, and as a result severely exacerbated her knee injuries and deteriorating physical condition.

35. On March 10, 2017, Sanchez received a phone call from Shawn LaVac informing her of another job offer from her employer, that was inconsistent with her disability.

36. On June 8, 2017, Sanchez' doctor wanted to release her to full duty, but she informed him that her knee condition had not improved. He told her if he released her to permanent restrictions/disability, **she would get fired**.

37. As of July 21, 2017, the rate of Plaintiff's pay was reduced to $14.48 an hour, which was not the same prior to her injury. The light duty job offered

1  was the same job she had been doing for the past two years and **was not a light duty position**.

2. 38. The initial industrial injury claim was for both knees, but as of August 2, 2017, the left knee was still untreated.

39. On August 2, 2017, Sanchez was contacted by Shawn LaVac to let her know of the demotion and pay cut. LaVac claimed to be unaware of the discrimination. Lucero informed her that the left knee had not yet been treated, and LaVac responded that Sanchez would have to reopen the case. Sanchez sent LaVac photos of her knees to demonstrate the condition of her knees and the conditions under which she had been working. Thereafter, Renown wholly failed to accommodate Sanchez with a light duty position in accordance with 42 U.S.C. 12131, and 42 U.S.C. 1981.

40. Sanchez's physical condition continued to deteriorate, and her knees continued to be swollen and unstable, due to Defendant's noncompliance with the medically imposed light duty restrictions.

41. On or about February 2021, Sanchez underwent a full right knee replacement, (total right knee arthroplasty) at an approximate cost of $175,000 and suffered significant pain and permanent residual disability. Her present medical and emotional condition was proximately caused by and related to her original industrial injury, and the subsequent work conditions imposed on her by Renown.

42. Under Title VII it is unlawful to discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because of an individual's national origin. As a direct and proximate result of the Defendants' actions as described herein, pursuant to 42 U.S.C. 2000e-2(a)(1)5(g) and 42 U.S.C. 12131, Sanchez is entitled to fair compensation for any injuries she suffered as a result of the Defendants' conduct, the amount to be determined at trial of this matter.

43. The Defendants' actions towards Ms. Sanchez were willful, wanton, and done with malice, or with reckless indifference to her federally protected rights, which subjects Defendants to exemplary and punitive damages all in an amount in excess

of $15,000, sufficient to punish Defendant, make an example and discourage future discriminatory conduct.

44. It was necessary for Ms. Sanchez to engage the services of an attorney to commence this action and Ms. Sanchez is, therefore, entitled to reasonable attorney's fees and costs as damages.

### THIRD CAUSE OF ACTION

### Retaliation

45. Defendant further engaged in unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and 5(g) when it retaliated against Charging Party Lucero Sanchez by terminating her prior position and demoting her, all because she complained and engaged in protected activity.

46. In July 2015, Sanchez informed the Human Resources Director, Suzanne Oetjen, about an incident wherein Sanchez' direct supervisor, Christina Vargas, literally cornered Sanchez, aggressively poked her, and demanded the keys to Sanchez's office. Ms. Oetjen informed Sanchez that "they" were new bosses and they could do what they thought was best for the company.

47. On January 19, 2018, Sanchez met with HR personnel, Jarret Peace and Claudia Martinelli, regarding the findings of the internal investigation into the ongoing discrimination. She was informed that the FNS Department had been in a very stressful environment under the management of Christina Vargas. According to Renown, the racial discrimination was directly admitted, and all the blame was placed directly on Vargas, Justin Bart, Kristen Foley and Rhonda Tu. Vargas was terminated May 2017, upon information and belief, and Kristen Foley was later terminated.

48. Sanchez's request for a written report of the investigation findings was denied. She was told a report would be provided by counsel. The report was not provided.

49. When Ms. Sanchez complained of harassment, she was engaging in a protected activity.

50. After complaining of discrimination and harassment, the Defendants subjected Plaintiff to an adverse and illegal employment action.

51. The adverse employment action to which Sanchez was subjected was a direct result of her complaining about discrimination and harassment.

52. As a direct and proximate result of the Defendants' actions as described herein, pursuant to 42 U.S.C. 2000e-5(g), Sanchez is entitled to fair compensation for any injuries she suffered because of the Defendants' conduct, the amount to be determined at trial of this matter.

53. The Defendants' actions towards Ms. Sanchez were willful, wanton, and done with malice, or with reckless indifference to her federally protected rights, which subjects Defendants to exemplary and punitive damages in an amount in excess of $15,000 sufficient to punish, make an example and discourage future discriminatory conduct.

54. It was necessary for Ms. Sanchez to engage the services of an attorney to commence this action, and Ms. Sanchez is, therefore, entitled to reasonable attorney's fees and costs as damages.

## FOURTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

55. Mrs. Sanchez repeats and alleges each and every allegation contained in Paragraphs 1 through 54, above, as though fully set forth herein.

56. Renown's illegal conduct towards Sanchez was extreme and outrageous.

57. Renown conduct towards Sanchez was intended to cause Sanchez emotional distress, and or was done in reckless disregard of her protected rights.

58. As a direct and proximate result of Renown's illegal actions, Sanchez has suffered severe or extreme emotional distress, including but not limited to anxiety, confidence issues, problems in her marriage, breakdowns at home and at the office, depression and other related issues.

59. As a direct and proximate result of Renown's illegal actions, Ms. Sanchez had to seek professional treatment, and in doing so, she incurred reasonable medical costs in an amount in excess of $15,000, the exact amount to be determined at trial. Sanchez reserves the right to amend this complaint to insert the exact amount as the medical costs are incurred and/or ascertained.

60. As a direct and proximate result of Renown's illegal actions, Sanchez has suffered general damages for pain and suffering in an amount in excess of $15,000, the exact amount to be determined at trial.

61. As a direct and proximate result of Renown's illegal actions, Ms. Sanchez will in the future be caused to, expend sums of money for medical care and expenses incidental thereto, the total amount of which cannot at this time be determined, but which will be determined at trial.

62. Renown is guilty of oppression, fraud or malice, express or implied; therefore, Sanchez is entitled to recover damages for the sake of example and by way of punishing Renown in an amount in excess of $15,000.

63. Mrs. Sanchez was required to engage the services of an attorney to commence this action and she is, therefore, entitled to reasonable attorney's fees and costs as damages.

## **PRAYER FOR RELIEF**

**Wherefore,** Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For a permanent injunction enjoining Defendant(s), their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of §§ 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964 and the ADA Act of 1990.

2. For an order requiring Defendants to institute and carry out policies, practices, and programs to ensure that they will not engage in further unlawful

employment practices in violation of §§703(a) and 704(a) of Title VII of the Civil Rights Act of 1964 and the ADA Act of 1990.

3. For an order requiring Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement, or advancement in position and payment.

4. For an order requiring Defendant(s) to make Plaintiff Lucero Sanchez whole by providing compensation for past and future pecuniary losses, in amounts to be determined at trial, including, but not limited to, out-of-pocket expenses suffered by her that resulted from the unlawful employment practices described above in amounts to be determined at trial.

5. For an order requiring Defendant(s) to make Plaintiff Lucero Sanchez whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

6. For an order requiring Defendant(s) to pay Plaintiff Lucero Sanchez punitive damages for their malicious and/or reckless conduct as described above, in amounts to be determined at trial, and in accord with statutory law.

7. For an award to Plaintiff of statutory damages, including costs of this actin and reasonable attorney fees.

**JURY TRIAL DEMAND**

Pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 38, Plaintiff hereby requests a trial by jury as to all issues asserted herein.

*///*

*///*

*///*

14

RESPECTFULLY SUBMITTED this 12th of August, 2021:

By _____/s/ Luke A. Busby_____
Arthur J. Bayer, Jr., Esq.
Nevada Bar No. 01366
18124 Wedge Parkway, #404
Reno, Nevada 89511
Telephone: (775) 315-3838
abayerjr@aol.com

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

*Attorneys for the Plaintiff*

## **EXHIBIT LIST**

| Exhibit # | Title | Pages |
|---|---|---|
| 1 | EEOC 1/8/18 Sanchez Charge of Discrimination | 5 |
| 2 | EEOC Ltr 1/16/18 Investigation | 2 |
| 3 | Sanchez Brief in Response to Renown Denial of Discrimination dated 11/14/18 | 5 |
| 4 | EEOC Discrimination Ltr ("Probable Cause") dated 4/20/21 | 2 |
| 5 | EEOC Notice of Right to Sue Ltr dated 6/2/21 | 1 |

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing document by:

_____    personally delivering;

_____    delivery via Reno/Carson Messenger Service;

_____    sending via Federal Express (or other overnight delivery service);

_____    depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__x__    delivery via electronic means (fax, eflex, NEF, etc.) to:

Sandra Ketner
Of Counsel
SIMONS HALL JOHNSTON PC
6490 S. McCarran Boulevard, Suite F-46 | Reno, NV 89509
T: 775.785.0088 | F: 775.785.0087

By: _____/s/ Luke A. Busby_____     Dated: 8/14/2021
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff

17