SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, Nevada 89509
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Defendant Renown Health*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-00352-MMD-WGC<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendant Renown Health ("Defendant"), by and through its attorneys of record, Simons Hall Johnston PC, hereby answers Plaintiff's Amended Complaint (hereinafter "Complaint") as follows:

**NATURE OF ACTION**

Defendant admits that Plaintiff has asserted claims under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 *et seq.*, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. Defendant denies that it engaged in actions that violated the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, Title VII of the Civil Rights Act of 1964 or any other statute. Defendant further denies that Plaintiff is entitled to any damages or other relief. Finally, Defendant

denies all remaining allegations set forth in the Nature of Action section of the Complaint.

## II.
## PROCEDURAL REQUIREMENTS

Defendant admits that Plaintiff filed a Charge of Discrimination dually with the Nevada Equal Rights Commission ("NERC"), Charge No. 0112-18-0007R, and United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 34B-2017-01343, on or about January 8, 2018, alleging claims for discrimination on the basis of disability, national origin (Hispanic) and/or age (44) and/or retaliation. Defendant further admits that the EEOC issued a Notice of Right to Sue on or about June 2, 2021. Defendant denies all remaining allegations set forth in the Procedural Requirements.

### JURISDICTION AND VENUE

1. Defendant admits that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. Defendant further admits that this Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367(a). Defendant also admits that this action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. Defendant denies any liability for or violation of any statutes. Defendant further denies the remaining allegations in paragraph 1 of the Complaint

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits that venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1)-(2). Defendant further admits that it conducts business in this judicial district and it employed Plaintiff at the time of the alleged discrimination. Defendant denies that it discriminated against Plaintiff or otherwise engaged in any wrongdoing.

### PARTIES

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint

7. Defendant lacks information sufficient to form a belief as to the truth of the

allegations in paragraph 7 of the Complaint and, on that basis, denies the allegations of paragraph 7 of the Complaint.

8.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis, denies the allegations of paragraph 8 of the Complaint.

9.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies the allegations of paragraph 9 of the Complaint.

## VI.

## CONDITIONS PRECEDENT

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint

13. Defendant denies the allegations in paragraph 13 of the Complaint

14. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies the allegations of paragraph 14 of the Complaint.

### GENERAL ALLEGATIONS/CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Racial Discrimination/Hostile Work Environment**

15. Defendant admits that it has employed Plaintiff since August 18, 1993.

16. Defendant admits that as of 2014, Plaintiff held the position of Food and Nutrition Services ("FNS") Coordinator and was compensated at a rate of pay of $16.95 per hour. Defendant further admits that Plaintiff met performance expectations in that position. Additionally, Defendant admits that Plaintiff shared an office in which a safe was located and that her job duties included, but were not limited to, generating financial reports, coordinating events, and handling cash flow. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, on that basis, denies the remaining allegations of paragraph

16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant admits that it involuntarily terminated German Pineda's employment on or about June 29, 2015. Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, on that basis, denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff often performed cashier duties when she held the position of FNS Coordinator because there was little to no demand for catering events at Defendant's South Meadows location. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, on that basis, denies the remaining allegations of paragraph 22 of the Complaint.

23. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, on that basis, denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION
**Disability Discrimination and Policy Violations**
**(ADA VIOLATIONS)**

28. Defendant admits that Plaintiff sustained a work-related injury on or about July 26, 2016, for which she received treatment. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and, on that basis, denies the remaining allegations of paragraph 28 of the Complaint.

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

29. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's restrictions on July 27, 2016, and on that basis, denies the allegations regarding Plaintiff's restrictions set forth in paragraph 29 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's restrictions on August 14, 2016, and on that basis, denies those allegations regarding Plaintiff's restrictions set forth in paragraph 32 of the Complaint. Defendant admits that a chair was provided for Plaintiff's use. Defendant denies the remaining allegations set forth in paragraph 32 of the Complaint.

33. Defendant admits that it eliminated the position of FNS Coordinator on January 16, 2017, and changed Plaintiff's title to Food Services Cashier in alignment with her duties. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint and, on that basis, denies the remaining allegations set forth in paragraph 33 of the Complaint.

34. Defendant admits that NERC's Determination, a true and correct copy of which is attached as Exhibit 4 to the Complaint, speaks for itself but disputes the underlying findings and conclusions of NERC's Determination. Defendant denies that Plaintiff was bullied and pressured to meet employer demands and further denies that Plaintiff severely exacerbated her knee injuries and deteriorating physical condition as a result. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and, on that basis, denies the remaining allegations of paragraph 34 of the Complaint.

35. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and, on that basis, denies the allegations of paragraph 35 of the Complaint.

36. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, on that basis, denies the allegations of paragraph

36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, on that basis, denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies that it failed to accommodate Plaintiff with a light duty position as required by law.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint and, on that basis, denies the remaining allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant lacks information sufficient to form a belief as to the truth of the allegations that "[o]n or about February 2021, Sanchez underwent a full right knee replacement (total right knee arthroplasty) at an approximate cost of $175,000 and suffered significant pain and permanent residual disability" and, on that basis, denies those allegations.  The remaining allegations set forth in paragraph 41 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations set forth herein and therefore denies the same.

42. Defendant admits that Title VII prohibits unlawful discrimination against an employee with respect to compensation, terms, conditions, or privileges of employment because of, *inter alia*, an individual's national origin.  Defendant denies the remaining allegations set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

### THIRD CAUSE OF ACTION
**Retaliation**

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant lacks information sufficient to form a belief as to the truth of the

allegations in paragraph 46 of the Complaint and, on that basis, denies the allegations of paragraph 46 of the Complaint.

47. Defendant admits that Christine Vargas resigned in lieu of termination on or about May 25, 2017, and further admits that it involuntarily terminated Kristen Foley on May 14, 2019. Defendant denies any admission of alleged racial discrimination. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint and, on that basis, denies the remaining allegations of paragraph 47 of the Complaint.

48. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and, on that basis, denies the allegations of paragraph 48 of the Complaint.

49. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, on that basis, denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

55. Defendant repeats and realleges by reference each and every response denial, and admission contained in paragraphs 1 through 54 above and incorporates the same as though fully set forth herein.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff fails to state a claim upon which relief can be granted.

2. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff fails to state a claim upon which relief can be granted.

3. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff failed to exhaust her administrative or statutory remedies.

4. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that it acted in good faith, with justification, with good cause, and without malice towards Plaintiff, and any employment actions taken concerning Plaintiff were for legitimate, non-discriminatory and non-retaliatory business reasons.

5. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff failed to mitigate her alleged damages.

6. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's recovery is limited and/or barred based on after-acquired evidence of misconduct.

7. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant states that it promulgated appropriate policies and exercised reasonable care to prevent and promptly correct any discriminatory, harassing or retaliatory behavior and assuming *arguendo*, discrimination, retaliation and/or harassment occurred, Plaintiff unreasonably failed to properly avail herself of the preventative and/or corrective opportunities provided by Defendant or otherwise failed to avoid harm.

8. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant states assuming *arguendo,* Plaintiff is disabled, Defendant could not accommodate Plaintiff without enduring undue hardship.

9. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, assuming *arguendo,* Plaintiff is a qualified individual with a disability, Defendant could not accommodate Plaintiff without posing a direct threat to the health and safety of Plaintiff and/or other employees.

10. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant states that assuming *arguendo,* Plaintiff's alleged disability and/or request for accommodation was a factor for any employment practice or decision, Defendant would have taken the same action in the absence of Plaintiff's alleged disability and/or request for accommodation.

11. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant states that Plaintiff's damages are limited by any applicable statutory cap, including, but not limited to the statutory cap set forth in 42 U.S.C. § 1981a.

12. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant states that Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with the American with Disabilities Act, Title VII of the Civil Rights Act, as well as the Constitution of the United States of America and Nevada.

13. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that punitive damages constitute excessive fines prohibited by the United States and Nevada Constitutions. The relevant statutes do not provide adequate standards or safeguards for their application and they are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article I, Section 8 of the Nevada Constitution.

14. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, alleges that if Plaintiff is adjudged to be entitled to any recovery, the Defendant is entitled to a set-off for any compensation, including without limitation to, benefits, wages, salaries, and/or social security payments, received by Plaintiff.

15. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant states that assuming *arguendo,* Plaintiff's purported disability, national origin or

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

protected activity was a factor for any employment practice or decision, Defendant would have taken the same action in the absence of Plaintiff's claim.

16.  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is barred from bringing this action on grounds that workers' compensation laws provide the exclusive remedy for the alleged injuries and damages.

17.  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's claims are barred by the existence of an adequate statutory remedy.

18.  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, because the Amended Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case.  Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses.

**PRAYER FOR RELIEF**

Defendant is not required to respond to Plaintiff's Prayer for Relief.  To the extent Plaintiff's Prayer for Relief asserts allegations, Defendant denies the allegations.

WHEREFORE, Defendant prays as follows:

1.  That Plaintiff take nothing by reason of her Complaint, and that judgment be entered in favor of Defendant;

2.  That Defendant be awarded its reasonable attorney's fees and cost of suit incurred in defense of this action; and

3.  For such other and further relief as the Court may deem just and proper.

DATED this 13th day of October, 2021.

    /s/ Sandra Ketner, Esq.
SANDRA KETNER, ESQ.
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, Nevada 89509

### CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of SIMONS HALL JOHNSTON PC, over 18 years of age, and that on this date I caused to be served a true copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** on all parties to this action by the method(s) indicated below:

    X    I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following registered parties electronically:

Arthur J. Bayer, Jr., Esq.
18124 Wedge Parkway, #404
Reno, Nevada 89511
abayerjr@aol.com

Luke Busby, Esq.
316 California Ave., #82
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on October 13, 2021.

                      /s/ Kiley P. Rasmussen
                      An Employee of Simons Hall Johnston PC