Arthur J. Bayer, Jr., Esq.
Nevada Bar No. 01366
18124 Wedge Parkway, #404
Reno, Nevada 89511
Telephone: (775) 315-3838
abayerjr@aol.com

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

LUCERO SANCHEZ,

    Plaintiff,

    vs.

RENOWN HEALTH, a Nevada Non-Profit Corporation, and DOES 1-20, inclusive,

    Defendant.

_____/

Case No. 3:21-cv-00352-MMD-WGC

**CONFIDENTIALITY AGREEMENT AND STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER**

The undersigned agree as follows:

1. During the course of this litigation, a party may produce or disclose documents, materials, and information (collectively, "Information") which are confidential, proprietary, trade secret, competitively sensitive, and/or contain personal information, including personal health information as contemplated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Similarly, such Information may be disclosed by written discovery, deposition testimony (to the extent

1

taken), or in other filings with the Court.   Accordingly, the parties submit this Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order (the "Order") for the approval and enforcement of the Court and hereby agree as follows:

2. All Information produced in this litigation and designated as "Confidential" as provided below shall be used solely for the purpose of this litigation, and will not be used or disclosed outside the context of this litigation.  Any person receiving such Information designated as Confidential shall restrict its disclosure to persons authorized to receive the Information designated as "Confidential" pursuant to this Order.  A Confidential designation is applicable to all copies and reproductions of any Information.   Nothing herein shall be deemed to restrict the right of the producing party to use its own Information that it has designated as Confidential as it chooses.  Nothing in this Order requires either party to produce Information the party believes is privileged or otherwise non-discoverable.  By entering into this Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

3. Definition of Confidential Information:  A producing party may designate as Confidential such Information which the producing party believes in good faith constitutes, contains, or reflects personal health information, financial information about a party or other person, personnel information, proprietary, trade secret, and/or competitively sensitive business information, or other information that is not generally known to the public.

4. Designating Information as Confidential:  All or any part of a document, item, testimony, or other Information disclosed, produced, or filed in this litigation may be designated as Confidential by marking the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated, except as to documents containing more than twenty-five (25) pages, in which case marking the

top page as Confidential will suffice. Oral testimony may be designated as Confidential during the deposition or proceeding, with reasonable precision as to the affected testimony, or within seven (7) business days after receipt of the transcript of such deposition or proceeding by sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential. All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as Confidential on the face of the response and each page so designated.

In addition to the foregoing, the parties agree that any personal health information obtained pursuant to a medical release, whether such release is executed by a party to this litigation or by a third party, shall be automatically designated Confidential. After any such personal health information is obtained pursuant to a medical release, the parties shall mark the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated, except as to documents containing more than twenty-five (25) pages, in which case marking the top page as Confidential will suffice.

5.     Challenging a Designation: Either party may challenge at any time the propriety of a designation of Information as Confidential. Before seeking relief from the Court, the parties shall attempt to resolve the dispute informally and in good faith. If the parties are unable to resolve such dispute, it shall be submitted to the Court. The Information shall be treated as Confidential pending resolution of the challenge.

6.     No Implied Acknowledgement of Confidentiality: Compliance with the terms of this Order, production or receipt of Information designated Confidential, and/or allowing Information to be designated Confidential shall not in any way operate as an admission that any particular Information is Confidential. Failure to challenge the designation of Information as Confidential does not preclude a subsequent

challenge.   The designation of Information as Confidential does not create a presumption in favor of or against that designation.

7.     Access to Information Designated Confidential:  Access to Information designated Confidential is restricted to the following persons:

(a)     Counsel of record for the respective parties, including office associates, paralegals, stenographic and clerical employees;

(b)     The parties to this action and their representatives, including in-house counsel;

(c)     Experts or consultants (including their employees, associates, and/or support staff) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in the litigation.  Information designated Confidential that is accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants;

(d)     Electronic imaging and/or computer litigation support personnel retained by one or more of the parties in this litigation or by the parties' counsel;

(e)     The Court and its personnel, including clerks and stenographic reporters who record deposition of other testimony in this litigation;

(f)     Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

(g)     Any other person to whom the producing party agrees in writing.

Counsel shall inform each person to whom they disclose or give access to the other party's Information designated Confidential of the terms of this Order, as well as the obligation to comply with its terms.

8.     Depositions:  To the extent depositions occur in this litigation, persons may be deposed regarding Information of which they have knowledge which have

4

been designated Confidential.  Any court reporter who transcribes testimony in this action at a deposition shall be made aware, that all testimony containing Confidential Information is and shall remain Confidential and shall not be disclosed except as provided in this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

9.     Previously Produced Information:  This Order does not affect the right of the parties to designate as Confidential any Information which has been produced prior to the entry of this Order.   Any disclosure of such Information prior to its designation as Confidential shall not be deemed a violation of this Order.  This Order shall not prejudice the right of the parties to designate as Confidential the Information a party has inadvertently produced without the sought designation.

10.     Filing Documents Under Seal:  Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.   Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).  In the event the Court refuses to allow the filing under seal of such Information designated as Confidential, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects.

11.     Conclusion of Proceedings:  Within thirty (30) days following termination of this litigation by final judgment, settlement or otherwise (including any appeals):

(a)     All Information subject to the provisions of this Order shall be destroyed or delivered to counsel of the producing party or the Third Party that produced the documents.

(b)     To the extent any Information designated Confidential is destroyed, counsel for the destroying party shall so represent in writing to counsel for the producing party.

(c)     As to Information filed under seal, the producing party shall be obligated to retrieve those documents from the Court and the other party will support any motion to this effect.

12.     Jurisdiction and Enforcement:   Any person to whom Information designated Confidential is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order.   This jurisdiction shall survive the termination of this litigation.   Any party or person subject to this Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

13.     This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

RESPECTFULLY SUBMITTED this 10/26/2021:

By  /s/ Sandra Ketner, Esq.
Sandra Ketner, Esq.
Of Counsel
SIMONS HALL JOHNSTON PC
6490 S. McCarran Boulevard, Suite F-46 l
Reno, NV 89509
T: 775.785.0088 l F: 775.785.0087

By  /s/ Luke Busby, Esq.
Arthur  J. Bayer, Jr., Esq.
Nevada Bar No. 01366
18124 Wedge Parkway, #404
Reno, Nevada 89511
Telephone: (775) 315-3838
abayerjr@aol.com

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

Paragraph 10 is also governed by *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 12 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED.**

William G. Cobb
_____
UNITED STATES MAGISTRATE JUDGE

DATED: _October 26, 2021_____.

7