SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Defendant Renown Health*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive,<br><br>    Defendant. | Case No.: 3:21-cv-00352-MMD-CSD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** |

Defendant Renown Health ("Renown"), by and through its respective counsel, hereby responds to Plaintiff's Motion Regarding Discovery Dispute, in accordance with the Civil Standing Order of Magistrate Judge Craig S. Denney.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    A Statement of the Unresolved Issues:**

Plaintiff's Requests for Production Nos. 2-11 are an overly broad fishing expedition seeking electronically stored information ("ESI") from nearly every member of Defendant's Human Resources Department and supervisor of the Food and Nutrition Services ("FNS") Department for a period exceeding seven (7) years.  Plaintiff's requests do not take into account that Plaintiff

transferred from the FNS Department (where the alleged discrimination occurred) to the Surgical Services Department more than four (4) years ago.  Moreover, Plaintiff's requests do not take into account that the unrefined proposed search terms (Plaintiff's first and last name) will likely yield every email that was sent to Plaintiff from any of the ten (10) custodians.  According to Iron Mountain, the entity storing the data, the cost to pull the data from the ten (10) custodians spanning a seven (7) year time period is estimated at $100,000 (not including review and production time) and is expected to yield a massive amount if entirely irrelevant material not in any way related to Plaintiff's claims of discrimination and retaliation.[1]

In light of such, Defendant objected to Plaintiff's requests stating "this Request is overly broad with respect to the time period requested, unreasonably burdensome and costly, and not proportional to the needs of the case.  Defendant is willing to respond to a more detailed and narrowly tailored request based upon Plaintiff's willingness to bear or share the cost of the search."  More than a week prior to serving Defendant's responses, defense counsel contacted Plaintiff's counsel to alert them of the forthcoming objection and begin the meet and confer process to resolve the anticipated dispute.  Defendant has never refused to conduct a reasonable and narrowly tailored ESI search.  Rather, due to the significant cost involved in pulling the data, Defendant has suggested a phased approach to conducting the ESI search as explained more fully below.

**2.    A Summary of the Moving Party's Position:**

Federal Rule of Civil Procedure 26(b)(2)(B) provides that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."  When considering this issue, "the party

---

[1] During the parties' meet and confer discussions, defense counsel generally estimated $30,000 as the cost to pull the data.  However, Defendant recently requested and received a more specific estimate of $100,000.

from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause." *Id.* Finally, if the ESI is not reasonably accessible, the court may consider whether cost sharing is appropriate. *Nogle v. Beach St. Corp.*, 2012 WL 3687570, at *8 (D. Nev. Aug. 27, 2012).

Here, the ESI dating back to January 1, 2015 is located on backup tapes stored by Iron Mountain. Information stored on archival backup tapes is generally considered not reasonably accessible. *Id.* Defendant changed email systems in early 2020 and only current employees' emails were migrated to the new system between March and May 2020. Iron Mountain estimates that it would cost approximately $100,000 to retrieve and restore the data. In light of such costs, Defendant has demonstrated that the ESI is not reasonably accessible due to undue burden and cost.

Moreover, good cause does not exist to compel the search and production of the ESI as requested by Plaintiff. Plaintiff has not agreed to narrow or otherwise tailor the requests in any way (with the exception of limiting the requests to the custodian's employment dates which is essentially a hallow concession since no ESI would exist after the end of a custodian's employment with Defendant). Plaintiff's requests do not provide any topic or subject matter of the emails sought. Instead, Plaintiff seeks to conduct a fishing expedition at Defendant's expense to obtain each and every email about Plaintiff (or to/from Plaintiff) regardless of whether such emails are related to her claims. Plaintiff's requests as drafted will likely yield irrelevant information related to Plaintiff's vacation requests, health insurance benefits, and other personnel matters completely irrelevant to her claims of discrimination and retaliation. Additionally, Plaintiff's requests as drafted will likely require the production of every email sent by any of the ten (10) custodians to the Plaintiff on topics entirely unrelated to Plaintiff's claims.

Furthermore, Plaintiff's requests do not take into consideration that Plaintiff transferred from

the FNS Department (whether the alleged discrimination occurred) on January 15, 2018. Therefore, custodian Justin Bart has not supervised Plaintiff in over four years. However, because Bart is still employed by Defendant, Plaintiff is demanding that the last four years of his emails be pulled, repopulated and searched even though he has not had any involvement or communication with Plaintiff during that time. Likewise, custodian Kristin Foley remained employed with Defendant for more than a year after Plaintiff's transfer but had no involvement or communication with Plaintiff during that time. Similarly, Plaintiff's request does not take into account that custodian Rhonda Tu transferred out of the FNS Department in October 2016 but currently remains employed by Renown. As drafted, Plaintiff's requests would require Defendant to pull, repopulate and search Tu's emails from the last five years even though both she and Plaintiff transferred to other departments and had no dealings with each other.

Importantly, Plaintiff does not allege that she has been subjected to any discrimination or retaliation since transferring out of the FNS Department in January 2018. Therefore, Plaintiff's requests seeking ESI from five (5) members of Defendant's Human Resources Department (Chief Human Resources Officer Michelle Sanchez Bickley, Director of HR Business Partners Suzanne Oetjen, Senior Human Resources Business Partner Jessi Cohen aka Jessi Russell, Human Resources Business Partner Jared Pierce, and Human Resources Business Partner Claudia Martinello) for the last four (4) years is equally overly broad and unduly burdensome. As explained to Plaintiff's counsel during the parties' meet and confers, custodians Bart's and Martinello's sole involvement in this case is limited to their investigation into Plaintiff's complaint which was completed in January 2018. Defendant tasked Bart and Martinello with investigating Plaintiff's complaint because they otherwise had no association with Plaintiff. Therefore, any ESI from Bart and/or Martinello that is remotely relevant to this case would be limited to late 2017 to early 2018 – not the entire span of their employment with Defendant. Moreover, any ESI from human resources

leaders (such as Sanchez-Bickley and Oetjen) would likely be privileged after January 2018 when Plaintiff filed her Charge and Defendant retained counsel.

Finally, Plaintiff's requests are not proportional to the needs to the case as explained above. Plaintiff has not explained how these requests will advance her case in any way. Instead, it is a pure fishing expedition to see what may be out there at Defendant's expense. Due to the significant expense involved in pulling the data for time periods entirely unlikely to deliver any directly relevant material, Plaintiff should be required to share some cost of the search.

### 3. The Moving Party's Requested Compromise or Resolution of the Issue:

To be clear, Defendant has never refused to conduct an ESI search. Rather, Defendant has proposed a more cost-efficient, phased approach. For example, Defendant proposes the following as an initial search: 1) pull the emails of Vargas (former Director of FNS who is alleged to have discriminated against Plaintiff) from 1/1/15-12/31/15; 2) pull the emails of Bart (former Manager of FNS during the relevant time period) from 1/1/16-12/31/16; and 3) pull the emails of Russell (the HRBP assigned to the FNS department during Plaintiff's assignment to that department). Because Vargas, Bart and Russell are the main witnesses in the case who likely communicated with each other about Plaintiff and her employment, this initial search will likely yield the most relevant evidence. Moreover, this initial search should demonstrate the significance of the other custodians identified in Plaintiff's requests. Following production and review of this search, Defendant suggests that that the parties meet and confer to determine if additional searches are warranted or if such discovery should be limited in accordance with Rule 26(b)(2)(C).

DATED this 4th day of February, 2022.

/s/ Sandra Ketner
SANDRA KETNER, ESQ.
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of SIMONS HALL JOHNSTON PC, over 18 years of age, and that on this date I caused to be served a true copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** on all parties to this action by the method(s) indicated below:

    X    I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following registered parties electronically:

Arthur J. Bayer, Jr., Esq.
18124 Wedge Parkway, #404
Reno, Nevada 89511
abayerjr@aol.com

Luke Busby, Esq.
316 California Ave., #82
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on February 4, 2022.

                                              /s/Morgan Strauser
                                      An Employee of Simons Hall Johnston PC