Arthur J. Bayer, Jr., Esq.
Nevada Bar No. 01366
18124 Wedge Parkway, #404
Reno, Nevada 89511
Telephone: (775) 315-3838
abayerjr@aol.com

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>RENOWN HEALTH, a Nevada Non-Profit Corporation, and DOES 1-20, inclusive,<br>_____/ | Case No.: 3:21-cv-00352-MMD-WGC<br><br>**PLAINTIFF'S SECOND MOTION REGARDING DISCOVERY DISPUTE** |

COMES NOW, Plaintiff Lucero Sanchez, by and through the undersigned

counsel, and hereby files the following Second Motion Regarding Discovery Dispute

in this matter against Defendant RENOWN HEALTH, a Nevada Non-Profit

1

Corporation, in accordance with the Civil Standing Order of Magistrate Judge Craig S. Denney issued on January 27, 2022.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. A statement of the unresolved issues:**

On December 13, 2021, the Plaintiff served First Requests for Production to the Defendant. On January 12, 2022, the Defendant served responses, attached hereto as Exhibit 1. Requests for production Nos. 2-11 all follow the same form, which requests emails from current and former Renown employees that contain the search terms "Lucero" and "Sanchez." Renown did not produce any responsive documents and objected to each request. On February 2, 2022, the Plaintiff filed a Motion Regarding Discovery Dispute seeking to resolve the matter , to which Renown responded on February 4, 2022. On February 10, 2022, the Court held a Video Discovery Hearing, at which the parties reached a compromise, that Renown would produce at least some responses to Requests for Production Nos. 2-11. However, to date, more than 60 days after the hearing, the Plaintiff has received no responsive emails in response to Requests for Production Nos. 2-11.

On March 2, 2022, the Plaintiff served Second Requests for Production to the Defendant, to which the Defendant responded on March 23, 2022 (attached hereto as Exhibit 2). The Second Requests for Production seek information related to Renown's claims as to the costs required for it to comply with Requests for Production Nos. 2-11. As shown in Exhibit 2, the Defendant provided no responsive documents nor a privilege log in response to Request for Production No. 13, and for

Request for Production No. 14, the Defendant provided no communications or a privilege log, just an estimate from Iron Mountain.

The unresolved issue is whether Renown should be ordered by the Court to produce all records requested by the Plaintiff and/or sanctioned for failing to abide or timely abide by the compromise reached at the February 10, 2022 hearing before the Court.

**2. A summary of the moving party's position:**

Under FRCP 34, a party may serve a request for production within the scope of FRCP 26(b). The parties' Stipulated Discovery plan and Scheduling Order [ECF. #14], states that. "Discovery may be conducted on all discoverable matters relevant to issues raised by the Complaint." The Plaintiff's Amended Complaint alleges that she was subjected to racial discrimination beginning in the time period around October of 2014. [ECF. #5 at 6:3]. Renown investigated Ms. Sanchez's claims of racial discrimination and issued a Confidential Investigation Report, dated January 11, 2018, which was disclosed pursuant to a protective order issued by the Court. The Plaintiff's RFP Nos. 2-11 requests communications where the Plaintiff's name appears in the communication beginning in June of 2015 from the persons who are mentioned in the Confidential Investigation Report disclosed by Renown.

The requested emails are relevant to this action because the request is limited to instances where the Plaintiff's name is used in the email. The requests are proportional to the needs of the case because the substance of the communications between Renown's employees with knowledge of the facts in this case would

contain information that could prove or disprove the Plaintiff's claims that she was subjected to racial discrimination.

Renown claims that it will incur substantial costs in producing the requested records, which it claims are in the possession Iron Mountain, the data services firm, and has argued that is a basis to refuse to disclose the records soungh in Requests for Production Nos. 2-11, but has resisted the Plaintiff's attempts in Requests for Production Nos. 13 and 14 to ascertain the full facts surrounding Renown's agreement with Iron Mountain. It should be noted that in *United States ex rel. Guardiola v. Renown Health*, No. 3:12-cv-00295-LRH-VPC, 2015 U.S. Dist. LEXIS 112511, at *12 (D. Nev. Aug. 25, 2015), this Court found that Renown engaged in archiving practices likely to cause substantially higher costs for evidence preservation and production in connection with litigation.

**3. The moving party's requested compromise or resolution of the issue:**

The Plaintiff would like to have an informal discussion of this issue with the assistance of the Magistrate Judge in an effort to persuade Renown to comply with its discovery obligations in this case. The Plaintiff believes that if Renown continues to refuse to disclose information in question it should be compelled to make the disclosures by the Court under FRCP 37(a)(3)(B)(iv).

///

///

///

///

///

RESPECTFULLY SUBMITTED this April 12, 2022:

By:     /s/ Luke Busby, Esq.
Arthur J. Bayer, Jr., Esq.
Nevada Bar No. 01366
18124 Wedge Parkway, #404
Reno, Nevada 89511
Telephone: (775) 315-3838
abayerjr@aol.com

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*

**CERTIFICATION OF MEET AND CONFER PROCESS**

The undersigned counsel certifies that he has personally met and conferred with opposing counsel Sandra Ketner, Esq on March 30, 2022 and April 8, 2022 via telephone and engaged in a frank and open discussion of the parties' position on this dispute.  Prior to and after these phone calls, the parties exchanged emails regarding the same issues addressed in the Motion. The parties understand the position of the other parties, but disagree about what the rules require under the circumstances.

RESPECTFULLY SUBMITTED this April 12, 2022

By:_____/s/ Luke Busby, Esq._____
Arthur J. Bayer, Jr., Esq.
Nevada Bar No. 01366
18124 Wedge Parkway, #404
Reno, Nevada 89511
Telephone: (775) 315-3838
abayerjr@aol.com

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*

**EXHIBIT LIST**

1. January 12, 2022, Responses to First Requests for Production

2. March 23, 2022 Responses to Second Requests for Production

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing document by:

_____personally delivering;

_____delivery via Reno/Carson Messenger Service;

_____sending via Federal Express (or other overnight delivery service);

\_\_x\_\_\_depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_\_\_delivery via electronic means (fax, eflex, NEF, etc.) to:

Sandra Ketner
Of Counsel
SIMONS HALL JOHNSTON PC
690 Sierra Rose Dr. Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087

By: _____/s/ Luke Busby, Esq._____   Dated: \_\_4/12/2022\_\_\_
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff