SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Defendant Renown Health*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>  Plaintiff,<br><br>vs.<br><br>RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive,<br><br>  Defendant. | Case No.:  3:21-cv-00352-MMD-CSD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION REGARDING DISCOVERY DISPUTE** |

Defendant Renown Health ("Renown"), by and through its respective counsel, hereby responds to Plaintiff's Second Motion Regarding Discovery Dispute, in accordance with the Civil Standing Order of Magistrate Judge Craig S. Denney.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.  A Statement of the Unresolved Issues:**

Defendant is perplexed by Plaintiff's decision to request a discovery conference knowing that Renown did not receive the ESI files from Iron Mountain until April 7, 2022.[1]  Renown has acted

---

[1] On April 8, 2022, the undersigned counsel informed Plaintiff's counsel that Renown's IT department received the files from Iron Mountain the day prior.  In light of such, the undersigned counsel proposed that the parties wait to see how
...(cont'd)

promptly and has not delayed the process of retrieving, restoring, searching, and producing any responsive emails – the cost of which Renown agreed to bear in its entirety. As reflected by the DRMS Program Restoration Fulfillment Authorization that Renown produced in Response to Request No. 14 (RENOWN005592), Renown's Chief Legal Officer, Paul Harris, approved Iron Mountain's estimated cost of retrieving and restoring the mailboxes of the three custodians (Christina Vargas, Justin Bart and Jessi Cohen f/n/a Jessi Russell) and authorized Iron Mountain to begin the project on the very same day that Plaintiff's counsel provided the additional search terms. Iron Mountain also accepted the assignment on that day (i.e., February 11, 2022). However, Iron Mountain did not upload the files to Renown's FTP site until April 7, 2022.[2]

The data uploaded to Renown's FTP site includes 24 PST files – which could be anywhere from 500 to 1,500 separate emails in each PST file. Renown has begun the process of uploading the PST files into its electronic discovery program, Office 365 eDiscovery, which will allow it to input the search terms, identify responsive documents, review documents for relevancy and privilege, and mark responsive documents for production. However, the program will accept no more than 24 GB of data per day. Therefore, it takes multiple days to input the 3 custodians' mailboxes into the program before Renown can then input the search terms to identify potentially responsive documents. Because the uploading of the PST files into Office 365 eDiscovery is still in progress, it is currently unknown how many emails may be identified as potentially responsive based upon the search terms provided by counsel. Those documents will then need to be reviewed for privilege and relevancy, marked and produced. Nevertheless, Renown is confident that it can complete the review and production by no later than May 16, 2022, but it will make every effort to complete it earlier than that date.

---

many responsive emails are identified from the files before addressing any further discovery requests from Plaintiff's First Requests for Production of Documents with this Court. However, apparently dissatisfied with the compromise reached at the February 10th discovery conference, Plaintiff's counsel is now trying to renege on the agreement.

[2] At the February 10th discovery conference, the undersigned counsel indicated that the timeframe for Iron Mountain to retrieve and restore the data would be at least 30 days. Neither Renown or its counsel anticipated the project to take 55 days.

**2.     A Summary of the Moving Party's Position:**

Regarding Plaintiff's Second Requests for Production of Documents, Renown properly objected to Requests Nos. 13 and 14 because they exceed the scope of Federal Rule of Civil Procedure 26(b)(1). More specifically, Plaintiff's Requests Nos. 13 and 14 seek documents that are not relevant to any claim or defense nor are they proportional to the needs of this case. Rather, Requests Nos. 13 and 14 relate purely to a discovery dispute. During the meet and confer process, the undersigned counsel requested legal authority supporting Plaintiff's position that the subject of ESI or other litigation costs are properly within the scope of discovery. However, Plaintiff's counsel did not provide any such legal authority.[3]

Here, Plaintiff claims that Requests Nos. 13 and 14 seek documents to ascertain the facts surrounding Renown's agreement with Iron Mountain. However, in its response to Request No. 14, Renown produced the approved estimate from Iron Mountain showing the exact cost configuration to retrieve and restore Vargas's 2016 emails, Bart's 2017 emails, and Cohen's 2018 emails (RENOWN005592). The estimate reflects that those custodians' emails were contained on 102 tapes. The estimate further reflects that Iron Mountain charges Renown $500 to retrieve and restore each tape resulting in a cost of $51,000 for that service. Additionally, the data was contained on 47 Exchange database files ("EDBs"). The estimate reflects that Iron Mountain charges Renown $135 to process each EDB file resulting in an additional cost of $6,345 for a total estimated cost of $57,345, which Renown agreed to pay.

In an effort to resolve the discovery dispute, the undersigned counsel informally produced a redacted copy of the rate schedule agreed upon by Renown and Iron Mountain. The rate schedule, which is attached as Exhibit 1 to the contract between Renown and Iron Mountain, provides as follows:

///

---

[3] Renown understands that after it produces responsive emails from Vargas, Bart and Cohen, should it resist the production of additional ESI due to undue burden or cost, it is Renown's burden to show that the ESI is not reasonably accessible due to that burden or cost.

RESTORATION REQUEST FULFILLMENT PRICING

| Description | Unit | Quantity | $/Unit | Estimate Total |
|---|---|---|---|---|
| Standard Tape Restoration | Tape | TBD | $500.00 | TBD |
| Exchange Database | EDB | TBD | $135.00 | TBD |

Therefore, the rate schedule provided to Plaintiff's counsel on April 8th reflects the exact same charges set forth on the estimate produced as RENOWN005592. Plaintiff is not entitled to the entire contract between Renown and Iron Mountain because it does not relate to a claim or defense and 99% of the agreement does not even relate to this discovery dispute. Likewise, the correspondence between Renown and Iron Mountain does not relate to a claim or defense in this action. Nevertheless, Renown produced the applicable document showing the cost of the parties' compromise reached at the February 10th discovery conference which also demonstrates that Renown approved and authorized Iron Mountain to begin the project the day after the discovery conference. Accordingly, Renown has operated in good faith in order to fully comply with its obligations under the compromise reached at the February 10th discovery conference.

**3.     The Moving Party's Requested Compromise or Resolution of the Issue:**

During the parties' last meet and confer efforts on August 8, 2022, the undersigned counsel notified Plaintiff's counsel that Iron Mountain produced the ESI files to Renown the day before and proposed that the parties wait until the search and production of any responsive emails was completed before addressing any further discovery requests from Plaintiff's First Set of Requests for Production with this Court. Renown renews its proposal for that same reasonable and cost-efficient approach.

DATED this 14th day of April, 2022.

   /s/ Sandra Ketner
SANDRA KETNER, ESQ.
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of SIMONS HALL JOHNSTON PC, over 18 years of age, and that on this date I caused to be served a true copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION REGARDING DISCOVERY DISPUTE** on all parties to this action by the method(s) indicated below:

  X    I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following registered parties electronically:

Arthur J. Bayer, Jr., Esq.
18124 Wedge Parkway, #404
Reno, Nevada 89511
abayerjr@aol.com

Luke Busby, Esq.
316 California Ave., #82
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on April 14, 2022.

      /s/Morgan Strauser
      An Employee of Simons Hall Johnston PC