SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Defendant Renown Health*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive,<br><br>Defendant. | Case No.: 3:21-cv-00352-MMD-CSD<br><br>**DEFENDANT'S RESPONSE TO NON-PARTY NERC'S EMERGENCY MOTION TO QUASH SUBPOENA** |

Defendant Renown Health, by and through its counsel of record, hereby opposes Non-Party NERC's Emergency Motion to Quash Subpoena, in accordance with the Order of Magistrate Judge Craig S. Denney for expedited briefing. As an initial matter, Defendant notes that it does not intend to proceed with Investigator Brown's deposition on October 25, 2022. When Defendant served the subpoena and deposition notice on September 30, 2022, defense counsel communicated to Senior Deputy Attorney General Long that October 25th was selected as a tentative date and that the parties (both Plaintiff and Defendant) hoped to discuss limitations on the deposition of Investigator Brown in order to avoid the need for motion practice and court intervention. **Exhibit A (Declaration of Sandra Ketner in Support of Defendant's Response to Non-Party NERC's Emergency Motion to Quash (hereinafter "Ketner Decl.") at ¶13); Exhibit F (9/30/22 Correspondence).** Therefore,

this matter is not of an emergent nature in the event that the Court seeks further briefing or argument regarding this matter.

Defendant seeks to depose Investigator Brown concerning factual information gathered during NERC's investigation regarding Plaintiff's lifting restrictions. NERC's probable cause determination issued on April 20, 2021, concluded that Defendant failed to accommodate Plaintiff's 10 pound lifting restrictions for a period of one year between the summer of 2016 to the fall of 2017. **Exhibit C.** However, the investigation file produced by NERC in response to Defendant's subpoena does not include any evidence of 10 pound lifting restrictions during that time period. **Ketner Decl. at ¶8.** Moreover, the medical evidence produced in this case reflects that Plaintiff had temporary lifting restrictions for very brief periods of time. **Ketner Decl. at ¶14; Exhibit G (Physical Restrictions).** Thus, the issue of what evidence was presented during NERC's investigation regarding the existence of 10 pound lifting restrictions (or consequently the absence of such restrictions) is paramount to this case – particularly when Plaintiff intends to introduce NERC's probable cause Determination at trial. **Ketner Decl. at ¶10.**

Defendant is, and has been, willing to limit Investigator Brown's deposition to 3 hours. Further, Defendant is willing to limit its questioning to only factual questions related to the evidence gathered during the investigation. **Ketner Decl. at ¶11.** Defendant maintains that this Court's decision in *Giezie v. Valley Health System, LLC*, 2012 WL 3929446 (D. Nev. 2012) is directly on point and supports Defendant's position. Importantly, while Defendant issued the subpoena for Investigator Brown's deposition, the deposition is equally sought by Plaintiff's counsel who intends to file a joinder in this Opposition. This Opposition is made and based upon the accompanying Memorandum of Points and Authorities and the supporting exhibits and declaration of counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

On or about January 16, 2018, NERC issued a Notice of Charge of Discrimination to Renown which included a Charge of Discrimination (hereinafter "the Charge") filed by Plaintiff alleging discrimination on the basis of her national origin (Hispanic), age (44) and disability. In the Charge, Plaintiff alleged, "[i]n the summer of 2016 I suffered a workplace injury which resulted in my care

provider requesting that I be placed on light duty and I was not to lift more than ten pounds. However, the Respondent continuously required that I work outside my restrictions from the summer of 2016 to the fall of 2017." **Exhibit B (Notice and Charge of Discrimination).**

On April 4, 2018, Defendant submitted a position statement to NERC denying the material allegations of the Charge and asserting that it fully complied with Plaintiff's physical restrictions imposed by her medical providers. Defendant also provided documentation demonstrating that Plaintiff did not receive permanent lifting restrictions from her medical provider until November 2017. **Ketner Decl. at ¶5.** During its investigation, NERC did not request any additional information from Defendant regarding Plaintiff's lifting restrictions. Rather, all additional requests to Defendant for information related to Plaintiff's other claims of discrimination. **Ketner Decl. at ¶5.**

On April 20, 2021, NERC issued a Determination concluding that "probable cause exists for disability discrimination; specifically failure to accommodate." **Exhibit C (Determination).** NERC found that Plaintiff was required to lift in excess of ten pound restrictions for a period of over one year (summer of 2016 until the fall of 2017). NERC did not find sufficient evidence to establish adverse action on the basis of disability, age, or national origin but commented that there was a strained relationship between Plaintiff and Defendant.

Plaintiff commenced this action on August 21, 2021. (ECF No. 1). Thereafter, Defendant issued a subpoena to NERC for its investigation file. **Ketner Decl. at ¶7.** On December 27, 2021, NERC produced its investigation file in response to Defendant's subpoena, which included 486 pages of documents. However, NERC's investigation file does not contain any records or evidence that Plaintiff had lifting restrictions imposed by a medical provider prior to November 2017. **Ketner Decl. at ¶8.** The medical evidence gathered in this case demonstrates that Plaintiff did <u>not</u> have 10 pound lifting restrictions imposed by a medical provider between the summer of 2016 and fall of 2017 as NERC's probable cause Determination concludes. Instead, Plaintiff had temporary lifting restrictions not to exceed 10 pounds from 7/27/16-8/11/16 and 4/6/17-7/5/17, temporary lifting restrictions not to exceed 20 pounds from 10/4/17-11/9/17, and permanent lifting restrictions not to exceed 20 pounds beginning on 11/9/19. **Exhibit G.**

In light of this factual discrepancy or inconsistency, Defendant intends to question Investigator Brown about the factual information gathered during NERC's investigation regarding Plaintiff's lifting restrictions. Because there is no factual evidence contained in the investigation file produced by NERC supporting the conclusion that Plaintiff had 10 pound lifting restrictions between the summer of 2016 and fall of 2017, Investigator Brown's testimony would not be duplicative or cumulative.

Defendant also intends to question Investigator Brown to clarify that NERC's finding of "a strained relationship" between Plaintiff and Defendant is not the equivalent of unlawful harassment or discrimination. NERC's language about the "strained relationship" could easily cause a jury to imply prejudice against Defendant, thus improperly find a violation of Title VII of the Civil Rights Act, despite NERC concluding that there was no probable cause to believe that Plaintiff was discriminated against based upon her national origin.

Magistrate Judge Foley's opinion in *Giezie* is directly on point. *See* 2012 WL 3929446 at *1-9. In that case, the defendant intended to question the EEOC investigator about the factual underpinnings of the investigation. *Id.* at *8. Magistrate Judge Foley concluded that the defendant was entitled to conduct a factual inquiry into the number of meetings between the investigator and the plaintiff and statements that were made about the facts and circumstances of the charge. *Id.* at *9. Magistrate Judge Foley also permitted the defendant to obtain clarification regarding discrepancies in the investigator's notes. *Id.* Here, the areas of inquiry sought by Defendant are strikingly similar to the areas permitted by Magistrate Judge Foley. Moreover, Defendant is willing to limit the deposition to three hours as Magistrate Judge Foley did in the *Giezie* case.

All of the legal authority cited by NERC is either inapplicable or distinguishable from this matter. NRS 233.190 does not serve a valid basis for quashing Defendant's subpoena to Investigator Brown because Defendant does not intend to seek any information protected from disclosure by NRS 233.190(4)(a)-(c). In addition, *United States E.E.O.C. v. Pinal County*, 714 F. Supp. 2d 1073 (S.D. Cal. 2010) is distinguishable because that decision was based upon the absence of any ambiguity or need for clarification of the investigative files. As explained above, Defendant intends to ask Investigator Brown questions related solely to the factual inconsistencies in NERC's

investigative file concerning Plaintiff's 10 pound lifting restrictions as well as seek clarification concerning the "strained relationship" between Plaintiff and Defendant. *Pinal County* is also distinguishable because Defendant seeks the deposition of the individual who conducted the investigation, not the director who signed the probable cause Determination. To be clear, Defendant does not intend to seek the deposition of Administrator Jenkins.

Notably, NERC's probable cause Determination was issued approximately 18 months ago. Therefore, NERC's contention that Investigator Brown investigated Plaintiff's Charge four years ago is not entirely accurate. While the investigation commenced in 2018, the investigation spanned many years and NERC's Determination was issued only last year.

Defendant is cognizant of NERC's caseload and is willing to limit the deposition to three hours. Defendant is also willing to set the deposition at a later date so as to give Investigator Brown sufficient time to review the investigation file (if he wishes) and prepare for the deposition. However, so as not to require Investigator Brown to expend any additional time reviewing the file, Defendant will have the investigation file at the deposition for Investigator Brown's convenience should this Court allow the deposition to proceed.

Defendant understands and appreciates that NERC investigators should not be subpoenaed for depositions in most cases. However, in addition to the above reasons to allow Investigator Brown's deposition, this case presents a unique situation because this Court will not be presented with the issue of whether the probable cause Determination is admissible at trial until well after the discovery period closes. Nevertheless, this Court is likely to conclude that where the probable cause determinations are more similar to a determination that a violation has occurred rather than determining probable cause exists, the admissibility of the determination is a matter of the Court's discretion. *See, Hakanson-Black v. United Pac. Ins. Co.*, 865 F.2d 264 (9th Cir. 1988). Here, NERC's Determination explicitly states, "Respondent failed to adhere to an EEO environment." **Exhibit C.** Thus, this Court may admit NERC's probable cause Determination into evidence and the jury could easily conclude based upon NERC's Determination alone that Defendant violated the Americans with Disabilities Act. Because this evidentiary issue will not be decided prior to the close of discovery, Defendant should be permitted to conduct discovery on these discrete factual

issues for a limited amount of time (3 hours) so that it can present an adequate defense at trial.

Accordingly, Defendant respectfully requests that this Court deny NERC's Emergency Motion to Quash Subpoena and allow the deposition of Investigator Brown to proceed on the terms described herein.

DATED this 19th day of October, 2022.

    /s/ Sandra Ketner
SANDRA KETNER, ESQ.
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of SIMONS HALL JOHNSTON PC, over 18 years of age, and that on this date I caused to be served a true copy of the foregoing **DEFENDANT'S RESPONSE TO NON-PARTY NERC'S EMERGENCY MOTION TO QUASH SUBPOENA** on all parties to this action by the method(s) indicated below:

    X    I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following registered parties electronically:

Arthur J. Bayer, Jr., Esq.
18124 Wedge Parkway, #404
Reno, Nevada 89511
abayerjr@aol.com

Luke Busby, Esq.
316 California Ave., #82
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on October 19, 2022.

                /s/*Carol Elewski*
                An Employee of Simons Hall Johnston PC

## INDEX OF EXHIBITS

| | | |
|---|---|---|
| A. | Declaration of Sandra Ketner | 4 Pages |
| B. | Notice of Charge and Charge of Discrimination | 3 Pages |
| C. | Determination | 2 Pages |
| D. | Correspondence with Senior DAG Long | 14 Pages |
| E. | 9/23/22 Correspondence | 4 Pages |
| F. | 9/30/22 Correspondence | 6 Pages |
| G. | Medical Records | 38 Pages |