# EXHIBIT A

# EXHIBIT A

SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Defendant Renown Health*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUCERO SANCHEZ, | Case No.:   3:21-cv-00352-MMD-CSD |
| Plaintiff, | |
| vs. | **DECLARATION OF SANDRA KETNER IN SUPPORT OF DEFENDANT'S RESPONSE TO NON-PARTY NERC'S EMERGENCY MOTION TO QUASH SUBPOENA** |
| RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive, | |
| Defendant. | |

I, Sandra Ketner, hereby deposes and says as follows:

1.      I am over eighteen years of age and have personal knowledge of the matters set forth in this Declaration, except as to the matters stated upon information and belief, and so to those matters I believe them to be true. I could and would competently testify about the information that this Declaration contains.

2.      I am attorney licensed to practice law in the State of Nevada and am Of Counsel with the firm of Simons Hall Johnston PC, which represents Defendant Renown Health (hereinafter "Defendant" or "Renown") in this action.  I also represented Defendant during the Nevada Equal Rights Commission's ("NERC") investigation into Plaintiff's allegations that preceded this action.

Page 1 of 4

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

3.     On or about January 16, 2018, the Nevada Equal Rights Commission ("NERC") issued a Notice of Charge of Discrimination to Renown which included a Charge of Discrimination (hereinafter "the Charge") filed by Plaintiff Lucero Sanchez alleging discrimination on the basis of her national origin (Hispanic), age (44) and disability.  Attached hereto as Exhibit B is a true and correct copy of the Notice of Charge and Charge of Discrimination.

4.     In her Charge, Plaintiff alleged, "[i]n the summer of 2016 I suffered a workplace injury which resulted in my care provider requesting that I be placed on light duty and I was not to lift more than ten pounds.  However, the Respondent continuously required that I work outside my restrictions from the summer of 2016 to the fall of 2017."

5.     On April 4, 2018, Defendant submitted a position statement to NERC denying the material allegations of the Charge and asserting that it fully complied with Plaintiff's physical restrictions imposed by her medical providers.  Defendant also provided documentation demonstrating that Plaintiff did not receive permanent lifting restrictions from her medical provider until November 2017.  During its investigation, NERC did not request any additional information from Defendant regarding Plaintiff's lifting restrictions.  Rather, all additional requests for information related to Plaintiff's other claims of discrimination.

6.     On April 20, 2021, NERC issued a Determination concluding that "probable cause exists for disability discrimination; specifically failure to accommodate."  NERC found that Plaintiff was required to lift in excess of ten pound restrictions for a period of over one year (summer of 2016 until the fall of 2017).  NERC did not find sufficient evidence to establish adverse action on the basis of disability, age, or national origin but commented that there was a strained relationship between Plaintiff and Defendant.  A true and correct copy of NERC's Determination is attached hereto as Exhibit C.

7.     Plaintiff commenced this action on August 21, 2021.  (ECF No. 1).  Thereafter, Defendant issued a subpoena to NERC for its investigation file.

8.     On December 27, 2021, NERC produced its investigation file in response to Defendant's subpoena, which included 486 pages of documents.  However, NERC's investigation file does not contain any records or evidence that Plaintiff had lifting restrictions imposed by a

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

1   medical provider prior to November 2017.

2        9.    On August 11, 2022, Plaintiff disclosed Kara Jenkins, NERC Administrator, as a

3   witness in her FRCP 26 Tenth Supplemental Disclosures.  On August 18, 2022, Plaintiff disclosed

4   Richard Brown, NERC Investigator, as a witness in her FRCP 26 Eleventh Supplemental

5   Disclosures.  Plaintiff described subjects of Administrator Jenkins' and Investigator Brown's

6   knowledge as relating to NERC finding of probable cause and stated that they "may testify as to the

7   facts surrounding this case, including but not limited to, NERC's findings and conclusions."

8        10.    Following receipt of Plaintiff's Tenth and Eleventh Supplemental Disclosures, I

9   spoke with Plaintiff's counsel, Luke Busby, who represented that Plaintiff intends to call

10  Administrator Jenkins and Investigator Brown as witnesses at trial and also intends to introduce the

11  Determination at trial.

12       11.    On August 19, 2022, I emailed Administrator Jenkins seeking the contact

13  information for the Deputy Attorney General who supports NERC so that I could discuss deposing

14  Administrator Jenkins and Investigator Brown.  Administrator Jenkins subsequently put me in

15  contact with Senior DAG Long.  On August 30, 2022, Senior DAG Long and I spoke by phone and

16  I proposed limiting the deposition to only Investigator Brown.  I also conveyed a desire to reach

17  mutually agreeable terms and limitations for the deposition to avoid motion practice and court

18  intervention.  Senior DAG Long was unwilling to agree to any terms and represented that she would

19  provide me with legal authority demonstrating that NERC investigators are immune from

20  depositions.  On September 22, 2022, I followed up with Senior DAG Long inquiring about the legal

21  authority she intended to provide.  I also provided her with a copy of *Giezie v. Valley Health System,*

22  *LLC*, 2012 WL 3929446 (D. Nev. 2012), which I believe supports Defendant's position.  Similar to

23  the limitations imposed by Magistrate Judge Foley in the *Giezie* case, I agreed to limit Investigator

24  Brown's deposition to three hours and ask only factual questions so as not to impinge upon the

25  deliberative process privilege).  A true and correct copy of my correspondence with Administrator

26  Jenkins and Senior DAG Long is attached hereto as Exhibit D.

27       12.    On September 23, 2022, Senior DAG Long provided correspondence setting forth

28  NERC's position that Investigator Brown could not be compelled to sit for a deposition based

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

1  primarily upon NRS 233.190 and *United States E.E.O.C. v. Pinal County*, 714 F. Supp. 2d 1073

2  (S.D. Cal. 2010). Senior DAG Long also provided a copy of an Order in *EEOC v. Sun Cab Co., Inc.*

3  (Case No. 2:03-cv-01230-KJD-GWF. Attached hereto as Exhibit E is a true and correct copy of

4  Senior DAG Long's correspondence to me sent on September 23, 2022.

5          13.     After finding the legal authority provided by NERC to be either distinguishable or

6  inapplicable, I served Senior DAG Long with a subpoena and notice for Investigator Brown's

7  deposition on September 30, 2022. I conveyed to Senior DAG Long that the date identified in the

8  subpoena and notice was a tentative date and both Plaintiff's and defense counsel were willing to

9  discuss limitations for the deposition. Attached hereto as Exhibit F is a true and correct copy of my

10 correspondence to Senior DAG Long and copying Plaintiff's counsel.

11         14.     The medical evidence gathered in this case demonstrates that Plaintiff did not have

12 10 pound lifting restrictions imposed by a medical provider between the summer of 2016 and fall of

13 2017 as NERC's probable cause determination concludes. Instead, Plaintiff had temporary lifting

14 restrictions not to exceed 10 pounds from 7/27/16-8/11/16 and 4/6/17-7/5/17, temporary lifting

15 restrictions not to exceed 20 pounds from 10/4/17-11/9/17, and permanent lifting restrictions not to

16 exceed 20 pounds beginning on 11/9/19. Attached hereto as Exhibit G are true and correct copies

17 of Plaintiff's physical restrictions issued by her medical providers between the summer of 2016 and

18 fall of 2017.

19         15.     I hereby declare under penalty of perjury under the laws of the United States and the

20 State of Nevada that the foregoing is true and correct to the best of my knowledge.

21

22         DATED this 19th day of October, 2022.

23

24                          /s/ Sandra Ketner
                            SANDRA KETNER, ESQ.

25

26

27

28