# EXHIBIT C

# EXHIBIT C

*Via Email*

April 20, 2021

**Case Name:**
Lucero Sanchez
vs.
Renown Health

**Charge No.:**
NERC: 0112-18-0007R
EEOC: 34B-2017-01343C

**Charging Party**
Lucero Sanchez

**Respondent**
Renown Health

## DETERMINATION

Renown Health (RSP), is an employer, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and NRS 613.310 and timeliness and all other requirements for coverage have been met.

The above-referenced charge of discrimination was filed by Charging Party (CP), Lucero Sanchez, alleging disability discrimination under the Americans with Disabilities Act Amendments Act (ADA/AA) and Nevada State Law.

### NERC Finding

The Commission finds PROBABLE CAUSE for disability discrimination; specifically, failure to accommodate.

Although the investigation did not provide sufficient evidence to show adverse actions based on terms and conditions in employment, age, demotion, and/or retaliation, the Commission was concerned that evidence did show a strained relationship between CP and supervisor Christina Vargas (non-Hispanic). In fact, confidential witness statements corroborated CP's perception of a strained relationship between she and Ms. Vargas; however, NERC was not able to ascertain evidence of animus or bullying based on CP's national origin. NERC does not condone evidence of any form of bullying in the workplace.

However, as it relates to CP's disability, it is uncontested that CP was a qualified individual with a disability and that Respondent was made aware of CP's disabilities, particularly CP's need for "light duty" weight restriction accommodations of no more than ten pounds.

1

In its investigation, NERC learned that despite the need for light duty accommodations, CP was still required to work outside of these restrictions for over one year with assignments to lift anywhere from 40-50 pounds (summer of 2016 until the fall of 2017).

Respondent claims it was accommodating. However, evidence suggests otherwise. During the interactive process, CP was required to lift outside of her restrictions. Respondent does not dispute that CP performed her job satisfactorily. In fact, evidence shows that CP successfully transitioned from performing primary catering duties (as FNS Coordinator) to cashiering duties (as an FNS Cashier.) While Respondent did eventually place the CP into a position that would accommodate her permanent lifting restrictions (Unit Clerk), evidence suggests that the Respondent, [through management] required CP to work outside of her restrictions during much of the relevant period and that CP felt pressure to meet the demands.

It is the Commission's position that the evidence establishes the following: There was a strained relationship between CP and management; Respondent was aware of CP's disability and light duty requirements and yet, until permanent reassignment; CP was made to lift outside restrictions anyway. Respondent failed to adhere to an EEO environment.

## Conciliation

NRS 233.170(2) requires that if the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violation(s) have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

The Commission requests your participation telephonically on *Friday May 7, 2021 at 1:30 pm* (Pacific). Dial-in instructions will be sent upon confirmation of both parties.

In the event the parties refuse to participate in conciliation, the Commission shall close the charge and forward to the Equal Employment Opportunity Commission ("EEOC") for determination as to whether the EEOC will prosecute the matter and/or for the issuance of a Right to Sue Letter.

On Behalf of the Commission

Kara M. Jenkins
Administrator

*In light of the global pandemic and maintaining safe practices, conferences will be conducted over the Commission's private conference line; not in-person.*

SANCHEZ - 001635