# EXHIBIT D

# EXHIBIT D

# Sandra C. Ketner

| | |
|---|---|
| **From:** | Sandra C. Ketner |
| **Sent:** | Thursday, September 22, 2022 9:10 AM |
| **To:** | Sophia G. Long |
| **Subject:** | RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC # |
| **Attachments:** | Giezie v Valley Health System LLC.pdf |

Good morning Sophia – I wanted to follow up with you regarding your authority to contest a NERC investigator's deposition. Ms. Sanchez's counsel and I would like to negotiate mutually agreeable terms for the depo of Investigator Brown rather than engage in motion practice. I believe that the case of *Giezie v. Valley Health System* (attached) supports our position. We are willing to limit the deposition to 3 hours and represent that we will ask only factual questions (nothing impinging on the deliberative process privilege). Please let me know your thoughts after reviewing the attached opinion.


Sandra Ketner
*Of Counsel*
**SIMONS HALL JOHNSTON PC**
690 Sierra Rose Drive | Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087
C: 530-386-0798
sketner@shjnevada.com

**PERSONAL AND CONFIDENTIAL:** The information contained in this message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you believe you have received this e-mail message in error, please email the sender at sketner@shjnevada.com.


**From:** Sophia G. Long <SLong@ag.nv.gov>
**Sent:** Thursday, September 8, 2022 12:18 PM
**To:** Sandra C. Ketner <sketner@shjnevada.com>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

Hi Sandy,

I just wanted to let you know that we have an attorney leaving and I had to get him wrapped up this week. I will get that letter to you in the next day or so. Thank you for your patience.

Sophia G. Long, Esq.
Senior Deputy Attorney General
Bureau of Government Affairs
555 E. Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
Ph: (702) 486-3165
Cell: (702) 900-6223 preferred
slong@ag.nv.gov
**\*Mondays off usually**

1



**From:** Sandra C. Ketner <sketner@shjnevada.com>
**Sent:** Tuesday, August 30, 2022 11:41 AM
**To:** Sophia G. Long <SLong@ag.nv.gov>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

**WARNING** - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

That works – I'll call you then.  Thanks.


Sandra Ketner
*Of Counsel*
**SIMONS HALL JOHNSTON PC**
690 Sierra Rose Drive | Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087
C: 530-386-0798
sketner@shjnevada.com

**PERSONAL AND CONFIDENTIAL:** The information contained in this message may be privileged, confidential and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you believe you have received this e-mail message in error, please email the sender at sketner@shjnevada.com.


**From:** Sophia G. Long <SLong@ag.nv.gov>
**Sent:** Tuesday, August 30, 2022 11:39 AM
**To:** Sandra C. Ketner <sketner@shjnevada.com>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

How does 2pm sound? You can reach me at 702-900-6223.

**From:** Sandra C. Ketner <sketner@shjnevada.com>
**Sent:** Tuesday, August 30, 2022 11:38 AM
**To:** Sophia G. Long <SLong@ag.nv.gov>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

**WARNING** - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Lets do tomorrow after lunch. I'm free all afternoon so pick a time that works best for you.

Sandra Ketner
*Of Counsel*
**SIMONS HALL JOHNSTON PC**
690 Sierra Rose Drive | Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087
C: 530-386-0798
sketner@shjnevada.com

**PERSONAL AND CONFIDENTIAL:** The information contained in this message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you believe you have received this e-mail message in error, please email the sender at sketner@shjnevada.com.

**From:** Sophia G. Long <SLong@ag.nv.gov>
**Sent:** Tuesday, August 30, 2022 11:36 AM
**To:** Sandra C. Ketner <sketner@shjnevada.com>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

Yes, I have time tomorrow after lunch and Thursday after lunch.

**From:** Sandra C. Ketner <sketner@shjnevada.com>
**Sent:** Tuesday, August 30, 2022 11:32 AM
**To:** Sophia G. Long <SLong@ag.nv.gov>
**Subject:** FW: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

**WARNING** - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Ms. Long – do you have availability this week to discuss my intention to depose Mr. Brown and possibly Ms. Jenkins?

Sandra Ketner
*Of Counsel*
**SIMONS HALL JOHNSTON PC**
690 Sierra Rose Drive | Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087
C: 530-386-0798
sketner@shjnevada.com

**PERSONAL AND CONFIDENTIAL:** The information contained in this message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you believe you have received this e-mail message in error, please email the sender at sketner@shjnevada.com.

**From:** Kara Jenkins <k-jenkins@detr.nv.gov>
**Sent:** Monday, August 22, 2022 10:07 AM
**To:** Sandra C. Ketner <sketner@shjnevada.com>

**Cc:** Sophia G. Long <SLong@ag.nv.gov>; Coralie Peterson <c-peterson@detr.nv.gov>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

I would say discuss with Sophia but I do not like the idea of my neutral investigators sitting for a deposition on a case we tried to settle.

His notes, my notes and investigative report are confidential. Also, as you stated, we provided the file.

I feel sorry for the parties. Best of luck.

I will direct your inquiries to DAG Long and ask you not to reach out to me.

KJ


**From:** Sandra C. Ketner <sketner@shjnevada.com>
**Sent:** Monday, August 22, 2022 9:42 AM
**To:** Kara Jenkins <k-jenkins@detr.nv.gov>
**Cc:** Sophia G. Long <SLong@ag.nv.gov>; Coralie Peterson <c-peterson@detr.nv.gov>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

**WARNING** - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Thanks Kara – I am aware of the statute. I have received the NERC file and would like to depose Mr. Brown first. Should I speak with Ms. Long about that issue?


Sandra Ketner
*Of Counsel*
**SIMONS HALL JOHNSTON PC**
690 Sierra Rose Drive | Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087
C: 530-386-0798
sketner@shjnevada.com

**PERSONAL AND CONFIDENTIAL:** The information contained in this message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you believe you have received this e-mail message in error, please email the sender at sketner@shjnevada.com.


**From:** Kara Jenkins <k-jenkins@detr.nv.gov>
**Sent:** Monday, August 22, 2022 8:25 AM
**To:** Sandra C. Ketner <sketner@shjnevada.com>
**Cc:** Sophia G. Long <SLong@ag.nv.gov>; Coralie Peterson <c-peterson@detr.nv.gov>
**Subject:** RE: Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #
**Importance:** High

4

Good morning, Sandra-

Thank you for emailing us before serving us – you'd be surprised at how many employment attys get this process confused. Let me first say, NERC has closed the matter with an unsuccessful conciliation giving a right to sue. We rarely take deposition on closed confidential matters as there is not much we can be deposed on, see NRS 233.190.

You may however, subpoena the file through us or FOIA via EEOC.

I hope this clears up your options. Please contact EEOC at: **800-669-4000** or NERC at: 702-486-7161

**NRS 233.190   Confidentiality of information.**
  1. Except as otherwise provided in this section or NRS 239.0115, any information gathered by the Commission in the course of its investigation of an alleged unlawful discriminatory practice in housing, employment or public accommodations is confidential.
  2. Except as otherwise provided in subsection 5, the Commission may disclose information gathered pursuant to subsection 1 to:
  (a) Any governmental entity as appropriate or necessary to carry out its duties pursuant to this chapter; or
  (b) To any other person if the information is provided in a manner which does not include any information that may be used to identify the complainant, the party against whom the unlawful discriminatory practice is alleged or any person who provided information to the Commission during the investigation.
  3. Except as otherwise provided in subsection 4, the Commission shall disclose information gathered pursuant to subsection 1 to the complainant and the party against whom the unlawful discriminatory practice is alleged if:
  (a) Each has consented to such disclosure; or
  (b) The Commission has determined to conduct a hearing on the matter or apply for a temporary restraining order or an injunction or an action has been filed in court concerning the complaint.
  4. The Commission may not disclose to the complainant or the party against whom the unlawful discriminatory practice is alleged:
  (a) Any information obtained during negotiations for a settlement or attempts at mediating or conciliating the complaint.
  (b) Any investigative notes or reports made by the Commission.
  (c) Any information that may be used to identify a person who provided information to the Commission during the investigation and who has requested anonymity.
  5. After the filing of a complaint with the Commission, access to information related to the complaint must be limited only to such staff of the Commission as is necessary to carry out the duties of the Commission relating to the complaint. Such staff shall not disclose such information to the other officers and employees of the Department of Employment, Training and Rehabilitation, including, without limitation, supervisors and the Director of the Department, unless the disclosure is necessary to carry out the duties of the Commission relating to the complaint.
  6. Except as otherwise provided in this section or NRS 239.0115, if the Commission's attempts at mediating or conciliating the cause of the grievance succeed, the information gathered pursuant to subsection 1 must remain confidential.
  7. If the Commission proceeds with a hearing or applies for injunctive relief, confidentiality concerning any information, except negotiations for a settlement or attempts at mediating or conciliating the cause of the grievance, is no longer required.
  (Added to NRS by 1977, 1606; A 2003, 1330; 2007, 2080; 2019, 807)

Sincerely,

KJ

**From:** Sandra C. Ketner <sketner@shjnevada.com>
**Sent:** Friday, August 19, 2022 3:15 PM
**To:** Kara Jenkins <k-jenkins@detr.nv.gov>
**Subject:** Lucero Sanchez v. Renown Health; Case No. 3:21-cv-000352-MMD-CSD (NERC #

WARNING - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Kara – hope you are doing well. I represent Renown in the above-referenced matter. NERC had issued a probable cause determination in this case (attached) and Ms. Sanchez's counsel has identified you and the investigator (Richard Brown) as witnesses. Could you please connect me with the DAG who supports you so that I can discuss setting your depositions? Thanks and have a nice weekend.


Sandra Ketner
*Of Counsel*
**SIMONS HALL JOHNSTON PC**
690 Sierra Rose Drive | Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087
C: 530-386-0798
sketner@shjnevada.com

**PERSONAL AND CONFIDENTIAL:** The information contained in this message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you believe you have received this e-mail message in error, please email the sender at sketner@shjnevada.com.

Case 3:21-cv-00352-MMD-CSD   Document 43-4   Filed 10/19/22   Page 8 of 15

Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)
116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

KeyCite Yellow Flag - Negative Treatment

Distinguished by Ames Construction, Inc. v. Clark County, D.Nev., April 6, 2020

2012 WL 3929446
United States District Court, D. Nevada.

Robert C. GIEZIE, Plaintiff,
v.
VALLEY HEALTH SYSTEM, LLC,
dba Sprint Valley Hospital, Defendant.

No. 2:12–cv–00036–ECR–GWF.
|
Sept. 7, 2012.

Attorneys and Law Firms

Ivy R. Gage, The Gage Law Firm, PLLC, Las Vegas, NV, for Plaintiff.

Elayna J. Youchah, Jackson Lewis LLP, Las Vegas, NV, for Defendant.

### ORDER

### Emergency Motion to Quash Subpoena; and for Protective Order–# 19

GEORGE FOLEY, JR., United States Magistrate Judge.

**\*1** This matter is before the Court on Non–Party U.S. Equal Employment Opportunity Commission's (EEOC) Emergency Motion to Quash Subpoena; and for Protective Order (# 19), filed on August 14, 2012; Defendant's Opposition to Non–Party EEOC's Emergency Motion to Quash Subpoena (# 23), filed on August 20, 2012; and Non–Party EEOC's Reply to Defendant's Opposition to Emergency Motion to Quash Subpoena (# 27), filed on August 23, 2012. The Court conducted a hearing in this matter on August 24, 2012.

### BACKGROUND

The EEOC moves to quash a subpoena requiring EEOC Investigator Mario Banos Melendez to appear for a deposition noticed by the Defendant. The subpoena also requires the deponent to produce "[t]he entire original EEOC file concerning Robert C. Giezie, EEOC Charge No. 487–2009–01062." *Motion to Quash (# 19), Exhibit A.* [1]

Plaintiff Robert Giezie alleges in his complaint that he was employed as a Patient Transporter at Defendant's Spring Valley Hospital from 2003 until he was laid off in June 2010. Plaintiff alleges that he was subjected to age discrimination and a hostile work environment after Stacy Moser, Manager of Environmental Services and Transport, became his supervisor in 2007. Plaintiff states that he complained to Ms. Moser and the Defendant's Associate Administrator about the discrimination, but nothing was done to remedy the situation. Plaintiff filed his first formal EEOC charge of age discrimination on October 6, 2009. He alleges that the harassment continued after he filed his charge. He alleges that he complained to the Defendant's Human Resources Administrator that he was being discriminated and retaliated against for having opposed the discrimination and having filed an EEOC charge. Plaintiff cites a number of disciplinary measures to which he was subjected, but which younger Patient Transporter employees were not subjected even though they engaged in the same alleged violations of company rules.

Plaintiff alleges that Defendant notified him on June 28, 2010 that his position was being eliminated due to staff reductions and that he was being permanently laid off. Plaintiff alleges that Patient Transporters, who were significantly younger than him and/or less than 40 years old, were not laid off. Plaintiff states that Defendant used his disciplinary record, which itself resulted from age discrimination and retaliation, as a basis for his termination. Plaintiff's Complaint alleges causes of action for discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d), and a state law cause of action for intentional infliction of emotional distress.

The EEOC issued a Notice of Charge of Discrimination by Plaintiff against Defendant for age discrimination on October 9, 2009. *Defendant's Opposition to Motion for Protective Order (# 23), Exhibit 2.* A second Notice of Charge of Discrimination based on age discrimination and retaliation was issued on July 26, 2010 approximately one month after Defendant's employment was terminated. *Id., Exhibit 3.* According to Defendant, the EEOC investigative file indicates that the EEOC conducted an investigation of the discrimination charge after Plaintiff filed his initial charge in October 2009. Defendant states, however, that it has not received any records indicating that the EEOC conducted a

Case 3:21-cv-00352-MMD-CSD   Document 43-4   Filed 10/19/22   Page 9 of 15
Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)
116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

further investigation after Plaintiff filed his amended charge of discrimination and retaliation in July, 2010, following the termination of his employment. The EEOC issued a Letter of Determination on August 16, 2011 which stated that: "The Commission finds that there is reasonable cause to believe that Charging Party was disciplined and laid-of due to his age, in violation of the statute." *Id., Exhibit 4*. Defendant states that it is unclear whether this determination includes a finding of retaliation.

*2 Defendant's decision to notice the deposition of Mr. Melendez initially arose from Plaintiff's April 9, 2012 supplemental Rule 26(a)(1) disclosure which listed Mr. Melendez as a witness Plaintiff may call at trial. *Opposition to Motion to Quash (# 23), Exhibit 11*. Defendant's counsel sent an email to Plaintiff's counsel on July 25, 2012 in which she stated that she intended to take Mr. Melendez's deposition unless Plaintiff's counsel stated that he would not be called to testify at trial. *Opposition (# 23), Exhibit 14*. Plaintiff's counsel responded by stating that Mr. Melendez "is a person with knowledge though it is my understanding the investigators may not be permitted to testify. I don't intend on calling him unless there is any dispute as to the EEOC's finding in [Plaintiff's] case." *Id.* Based on this response, Defendant's counsel stated that she would proceed with the deposition. *Id.* In a subsequent email communication to the EEOC's counsel on August 9, 2012, Plaintiff's counsel stated that she told Defendant's counsel that Plaintiff's counsel did not believe Mr. Melendez was permitted to testify and that Plaintiff does not intend to call him as a witness at trial. Plaintiff's counsel stated, however, that Plaintiff intends to introduce the EEOC's finding of probable cause and other documents provided in response to Plaintiff's FOIA request. *Motion to Quash (# 19), Exhibit D*.

The EEOC argues that Defendant should be precluded from taking Mr. Melendez's deposition because his testimony is irrelevant and unduly burdensome on Mr. Melendez and the EEOC. The EEOC also argues that Defendant may attempt to inquire into matters protected from disclosure by the deliberative process privilege. The EEOC has submitted a declaration by Mr. Melendez in which he states that he reviewed the subject investigative file on August 7, 2012 and that he has "no recollection of the charge of discrimination that Mr. Giezie filed against Valley Health System independent of the materials in the Investigative File." *Motion to Quash (# 19), Exhibit E*. The EEOC has also submitted a declaration by Adriana Lopez, the Acting Local Director of the EEOC Las Vegas Local Office, who states that the investigators in the EEOC's Las Vegas Local Office each investigate at least 100 charges of discrimination a year and also spend one fourth of their time doing in-takes of new charges. *Reply (# 27), Exhibit 5*.

In arguing that it is entitled to depose Mr. Melendez, Defendant states that Plaintiff testified at his deposition that he and Mr. Melendez met five or more times and that their first meeting lasted for more than two hours. Plaintiff also testified that during his initial meeting with the investigator, he told Mr. Melendez "about age-related remarks Plaintiff claims his former supervisor, Stacy Moser made to him. *Opposition (# 23), pg. 2, Exhibit 5, Plaintiff's Deposition*. Defendant points out, however, that EEOC's investigative file contains notes regarding only one conversation between Plaintiff and Mr. Melendez, and those notes do not make reference to any age-related remarks by Ms. Moser. *Id., pg. 2, Exhibit 6*. Defendant states that the variance between Plaintiff's deposition testimony and Mr. Melendez's interview notes is significant given the representations made by the EEOC regarding Mr. Melendez's interview and note taking practices. In that regard, the EEOC has submitted a declaration by EEOC counsel Elizabeth Naccarato who states that Mr. Melendez told her that it is his regular practice to take notes of any interviews he conducts in the course of investigating a charge of discrimination and to retain any such notes in the investigative file. Mr. Melendez also stated that it is his practice to document verbal communications with the parties in the investigation file and that he followed these practices in regard to Mr. Giezie's charge. *Motion to Quash (# 19), Exhibit B, Declaration of Elizabeth Naccarato*.

*3 Plaintiff also testified at his deposition that Mr. Melendez told him that once Defendant was notified of Plaintiff's charge, the "Defendant would 'find a way' to get rid of Plaintiff and that after Defendant fired him, EEOC would 'handle retaliation.' " *Opposition (# 23), pg. 2, Exhibit 5, Plaintiff's Deposition*. "Plaintiff also quoted Mr. Melendez as stating 'Chances are once you file this [discrimination charge] and everything that your time there [being employed by Defendant] is limited." *Id.* Defendant argues that the only way Defendant can explore whether Mr. Melendez made such statements is by taking his deposition. *Id., pg. 3*.

Defendant also points out that the EEOC investigative file indicates that Mr. Melendez pursued interviews of Plaintiff's former supervisor Stacy Moser and Defendant's employees Leslie Irwin and Jill Rathe. Defendant, however, has not been provided with any investigative file notes regarding

Case 3:21-cv-00352-MMD-CSD   Document 43-4   Filed 10/19/22   Page 10 of 15
Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)
116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

Mr. Melendez's interviews of these individuals. Defendant apparently received a copy of the EEOC investigative file that Plaintiff's counsel obtained through a Freedom of Information Act (FOIA) request. The EEOC states that the investigative file does, in fact, contain notes of Investigator Melendez's interviews with Stacy Moser, Leslie Irwin and Jill Rathie. Those notes were attached to an investigative memorandum that was withheld by the EEOC pursuant to FOIA exemptions. The EEOC states that it is willing to produce these interview notes to the parties in an authenticated copy of the investigative file. *Reply (# 27), pg. 7*.

Defendant argues that other interview notes in the investigative file are ambiguous, unclear and confusing. A "Memo to File" by Investigator Melendez, dated November 23, 2010, states that it is in regard to a "Telephone conversation with John Paul Gleydura, Patient Transporter." The body of the Memo then states: "This Investigator spoke to Sandra Connette, who informed him of the following but not verbatim;...." *Opposition (# 23), Exhibit 9*. Another "Memo to File" by Investigator Melendez, dated March 10, 2011, states that it is in regard to a "telephone interview with Dr. Joel Orevillo." The body of the Memo then states: "This Investigator spoke to Michael Short on March 31, 2011, who informed him of the following but not verbatim;...." *Id., Exhibit 10*. Defendant states that it has no knowledge of Sandra Connette or Michael Short. *Opposition (# 23), pg. 3*. Defendant, however, apparently has knowledge of John Paul Gleydura and Dr. Joel Orevillo. The EEOC states that Investigator Melendez may have created a typo in these notes by using a template Memo to File which left the names Sandra Connette and Michael Short in the body of the memos. The EEOC states that the confusion in these notes can probably be explained by the EEOC answering written questions that seek clarification of the notes. *Reply (# 27), pg. 8*.[2]

Defendant also argues that it should be permitted to depose Investigator Melendez in order to clarify the EEOC's August 16, 2011 Letter of Determination stating that it found "reasonable cause to believe that Charging Party was disciplined and laid-off due to his age, in violation of the statute." Defendant states that Plaintiff, along with 21 other employees, was laid off from their employment in June 2010 due to a reduction in force. Plaintiff then filed an amended charge of age discrimination and retaliation on or about July 26, 2010. Defendant states, however, that the investigative file provided to it does not indicate whether the EEOC conducted an investigation regarding Plaintiff's charge that the Defendant terminated him in retaliation for complaining of discrimination.

## DISCUSSION

*4 Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court for good cause to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The party seeking a protective order has burden of persuasion. *U.S. Equal Employment Opportunity Comm'n. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428 (D.Nev.2006), citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986). In order to meet that burden, the movant must demonstrate a particular need for the protection sought. The rule requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*. The party seeking the order must point to specific facts that support the request, "as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Id*. A mere showing of some inconvenience or expense does not suffice to establish good cause under Rule 26(c). *Id.*, citing *Turner Broadcasting System, Inc. v. Tracinda Corporation*, 175 F.R.D. 554, 556 (D.Nev.1997).

The moving party also has the burden of persuasion on a motion to quash a subpoena brought pursuant to Fed.R.Civ.Pro. 45(c)(3). *West Bay One, Inc. v. Does 1–1, 653*, 270 F.R.D. 13, 15 (D.D.C.2010); *McAfee v. Boczar*, 2012 WL 2499420, *2 (E.D.Va.2012); *S.E.C. v. Art Intellect, Inc.*, 2012 WL 776244, *2 (D.Utah 2012). The non-party status of the movant is a factor to be considered in determining whether the burden imposed by a subpoena is undue. *Realtime Data, LLC v. MetroPCS Texas, LLC*, 2012 WL 105080, *2 (S.D. Cal.2012); *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D.Ill.2009).

Pursuant to its statutory duties, the EEOC conducted an investigation of Plaintiff's charges and issued its Letter of Determination finding "that there is reasonable cause to believe that Charging Party was disciplined and laid-off due to his age, in violation of the statute." The EEOC's reasonable cause determination is admissible as evidence of discrimination or retaliation, although it is not binding on the trier of fact. *Plummer v. Wester International Hotels, Co.*,

Case 3:21-cv-00352-MMD-CSD Document 43-4 Filed 10/19/22 Page 11 of 15

Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)

116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

656 F.2d 502, 505 (9th Cir.1981); *Heyne v. Caruso*, 69 F.3d 1475, 1482–83 (9th Cir.1995). In so holding, the court in *Plummer* stated: "An EEOC determination, prepared by professional investigators on behalf of an impartial agency, has been held to be a highly probative evaluation of an individual's discrimination complaint." *Id.* The court further stated: "A civil rights plaintiff has a difficult burden of proof and should not be deprived of what may be persuasive evidence." *Id.* In a footnote to this statement, however, the court also stated: "The defendant, of course, is free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination on remand. Such evidence would go to the weight to be given by the trier of fact to the EEOC determination." (citation omitted). *Plummer*, 656 F.2d at 505, n .9.

*5 In *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir.1986), the court distinguished the automatic admissibility of an EEOC reasonable cause determination letter from a letter of violation, which the district court has the discretion to exclude pursuant to Fed.R.Evid. 403, as follows:

> A finding of probable cause does not suggest to the jury that the EEOC has already determined that there has been a violation. Rather, it suggests that preliminarily there is reason to believe that a violation has taken place. We have held that the potential prejudicial impact of such a suggestion does not outweigh the highly probative nature of the probable cause determination. *See Plummer*, 656 F.2d at 504–05. A letter of violation, however, represents a determination by the EEOC that a violation of the Act has occurred and thus results in a much greater possibility of unfair prejudice. A jury may find it difficult to evaluate independently evidence of age discrimination after being informed that the EEOC has already examined the evidence and found a violation. The probative value of a letter of violation may not, in every case, outweigh the potential for prejudice.

Both parties have submitted court decisions in support of their respective positions as to whether the testimony of EEOC Investigator Melendez is relevant. The EEOC relies on *Leyh v. Modicon, Inc.*, 881 F.Supp. 420, 424–6 (S.D.Ind.1995). The plaintiff in that case sought to depose the EEOC investigator about his recollection of facts he turned up during his investigation of plaintiff's complaint. (The decision does not indicate whether the EEOC made a probable cause finding of discrimination.) In granting the EEOC's motion to quash and for protective order, the court stated that testimony by the investigator about the results of his investigation would not, as a general rule, be admissible in a trial of the underlying facts. The court recognized that the investigator might be able to testify about admissions made by the defendant's representatives during the investigation. The court found, however, that this possibility was insufficient to warrant the taking of his deposition. The court stated:

> Despite the generally permissive approach to discovery in the federal courts, the court does not believe that parties to an employment discrimination case should be able to depose EEOC investigators as a matter of course. Such depositions should not become a routine method to find a short-cut to evidence or to being given pre-packaged cases. It is beyond the scope of this case to catalog the exceptional circumstances that might warrant such discovery, but there are no such exceptional circumstances here.

*Leyh*, 881 F.Supp. at 425.

In a footnote, the court distinguished *Allen v. Hearst Corp.*, 1991 WL 323020 (D.Md.1991), in which the parties were permitted to depose the EEOC investigator. The *Leyh* court noted that the EEOC was a party in *Allen* and that the private plaintiff in that case intended to introduce the EEOC's finding

Case 3:21-cv-00352-MMD-CSD  Document 43-4  Filed 10/19/22  Page 12 of 15

Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)
116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

of probable cause at trial. *Id.* 881 F.Supp. at 425, n. 3. In addition to holding that the EEOC investigator's testimony was irrelevant, the *Leyh* court also stated that his testimony about the EEOC's decisions and deliberations concerning its investigation would be protected from disclosure by the deliberative process privilege. *Id.* at 425.

**\*6** The Defendant relies on *Little v. Auburn University,* 2010 U.S. Dist. LEXIS 13491, 2010 WL 582083 (M.D.Ala.2010). *Little* involved a discrimination action brought by a private plaintiff. The EEOC was not a party to the action. The defendant sought to depose the EEOC's principal investigator on the grounds that the investigation documents did not indicate the basis for the investigator's "for cause" determination. The defendant also argued that some of the investigator's notes were illegible. The defendant stated that the EEOC's deliberative process privilege was not relevant because the deposition was limited to the factual investigation and "does not offend the privilege." 2010 WL 582083, at \* 1. In denying the EEOC's motion to quash and for protective order, the court stated:

> In this case, many of the questions the defendant wants to pose are related to clarifying factual information contained in the EEOC's investigative file and would not be covered under the deliberative process privilege. The information Auburn is seeking is similarly not cumulative because the questions relate to ambiguous references in the investigative file. For example, during oral argument, defense counsel indicated that some of the handwritten notations in the file are illegible. The court recognizes that the court's review of this lawsuit is de novo and the EEOC's investigation is not subject to court review. Nonetheless, the fact that the EEOC has turned over its complete administrative file does not relieve the Agency of its obligation under Fed.R.Civ.P. 30(b)(6) to provide a witness to answer questions about the documents for purposes of clarification and interpretation. *See*

*EEOC v. California Psychiatric Transitions,* 258 F.R.D. 391, 396 (E.D.Ca.2009) (citing *EEOC v. LifeCare Mgmt. Servs., LLC,* 2009 WL 772834 at \*2 (W.D.Pa.2009)). In this case, Auburn should be allowed to clarify ambiguities related to the factual aspects of the material. However, any conclusions, interpretations, or recommendations that the investigator formulated would be subject to the privilege. Thus, any impressions of witnesses, including credibility determinations, are subject to the privilege. The EEOC is free to assert proper privilege objections, where appropriate, in the manner contemplated by Fed.R.Civ.P. 30(c)(2) during the deposition. *See Turner, supra.*

The recent decision in *Arizona ex rel. Goddard v. Frito-Lay, Inc. ("Goddard"),* 273 F.R.D. 545 (D.Ariz.2011) is more expansive in regard to the permissible scope of a deposition of an agency's investigator than is *Little v. Auburn University.* In *Goddard,* the Arizona Civil Rights Division (ACRD) investigated charges of discrimination made by Reyes against Frito–Lay. Upon the completion of its investigation, the ACRD issued a reasonable cause determination that Reyes had been subjected to a hostile work environment and had been discriminated against based on her sex and race in violation of the Arizona Civil Rights Act. The ACRD brought suit against the defendant for violation of the Arizona Act. Reyes intervened in the case as a plaintiff and alleged claims for hostile work environment and sex and race discrimination under Title VII, 42 U.S.C. § 2000e *et seq.* Both the ACRD and Reyes reserved the right to introduce the ACRD's reasonable cause determination at trial. The ACRD reserved the right to introduce the document only to establish the jurisdictional prerequisites for bringing suit. Reyes, however, reserved right to introduce the reasonable cause determination to prove discrimination by the defendant.

**\*7** In holding that the defendant was entitled to take the deposition of the ACRD investigator, *Goddard* stated as follows:

Case 3:21-cv-00352-MMD-CSD   Document 43-4   Filed 10/19/22   Page 13 of 15
Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)
116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

As *Plummer* explicitly states, however, when a reasonable cause determination is admitted into evidence, a defendant is "free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination." 656 F.2d at 505 n. 9. Such a conclusion only makes sense. Introducing the reasonable cause determination itself puts its validity at issue, and not merely the validity of the facts on which it is based. Thus, the accuracy, adequacy and reasonableness of the investigation on which the determination is based, as well as the reasonableness of the evaluation of the investigation and the resulting conclusions leading to the determination are all relevant topics of inquiry. Defendants must then be allowed to conduct discovery to obtain "evidence refuting the findings" of the ACRD and to "point out deficiencies" in its determination.

In its Motion for Protective Order the ACRD cites a Sixth Circuit case, *EEOC v. KECO Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir.1984), for the proposition that the adequacy of the ACRD's reasonable cause determination is not relevant. Nevertheless, *KECO* is readily distinguishable. *KECO* did not involve a case in which the EEOC attempted to introduce its reasonable cause determination for purposes of establishing KECO's liability. When the reasonable cause determination is not at issue, discovery into its adequacy is not relevant in most cases. In light of *Plummer* and *Heyne*, however, and the fact that in this case Plaintiffs reserve the right to place before the jury the conclusions contained in the reasonable cause determination, the adequacy of ACRD's reasonable cause determination is a relevant question on which discovery is appropriate.

*Goddard*, 273 F.R.D. at 552.

The *Goddard* court declined to follow two other decisions in the Ninth Circuit, *E.E.O.C. v. Gold River Operating Corp. ("Gold River")*, 2007 WL 983853 (D.Nev. March 30, 2007) and *E.E.O.C. v. Pinal County*, 714 F.Supp.2d 1073 (S.D.Cal.2010), that relied on *EEOC v. KECO Indus., Inc.* in reportedly holding that discovery regarding the agency's investigation is not relevant even when the agency's determination of probable cause is admissible. *Id.* at 552–3.

The decision in *Gold River* is not contrary to *Goddard*. *Gold River* involved a motion to dismiss/summary judgment in which the defendant argued that the EEOC was barred from pursuing the action because it failed to conduct an adequate investigation prior to bringing suit. The EEOC contended that the condition precedent to bringing suit required only that it conduct *some* investigation. It was not required to prove that it conducted an adequate investigation. The court agreed, stating as follows:

> The court need not address the various allegations of EEOC misconduct made by the defendants because an employer may not litigate the adequacy of the EEOC's investigation and determination, see *EEOC v. KECO Indus. Inc.*, 748 F.2d 1097, 1100 (6th Cir.1984), *unless a plaintiff enters the EEOC's letter of determination as evidence in which case the defendant is free to point out deficiencies in its investigation.* See *Plummer v. Wester International Hotels, Co.*, 656 F.2d 502, 505 n. 9 (9th Cir.1981). (Emphasis added).

*8 In *E.E.O.C. v. Pinal County*, 714 F.Supp.2d 1073 (S.D.Cal.2010), the court quashed a subpoena issued by the defendant in an underlying action brought by a private plaintiff for racial discrimination and retaliation. The defendant sought to take the deposition of the acting director of the EEOC's San Diego local office who executed the reasonable cause determination letters. In distinguishing *Little v. Auburn University* and other cases such as *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D.Cal.2009) and *E.E.O.C. v. LifeCare Management Services, LLC*, 2009WL 772834 (W.D.Pa.2009), the court noted that the defendant had not shown that there were any factual ambiguities in the investigative file that defendant needed to explore in deposition. The defendant instead sought the deposition of the acting director, who had not investigated the plaintiff's charge and had no knowledge of the investigation beyond the facts set forth in the file. The purpose of the deposition was to seek clarification and interpretation of the EEOC's determination letter by inquiry

Case 3:21-cv-00352-MMD-CSD   Document 43-4   Filed 10/19/22   Page 14 of 15
Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)
116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

into the EEOC's evaluations and deliberations regarding the charge. In holding that such an inquiry into qualifiedly privileged information was not warranted, even though the reasonable cause determination is admissible in evidence, the court stated:

> Moreover, it is unlikely the trier of fact would spend much time deciphering the meaning of the determination letter. As the EEOC observes, the focus at trial will be on the merits of Millsaps' Title VII claims, not the meaning of the determination letter. The best way for Respondents to counter the probable cause finding of the EEOC is to simply present their defense against Millsaps' discrimination and retaliation claims, by way of testimony of percipient witnesses of the underlying events and the presentation of admissible documentary evidence. Furthermore, under *Gilchrist,* a finding of probable cause does not suggest to the trier of fact that the EEOC has already determined that there has been a violation, but rather that preliminarily, there is reason to believe that a violation has taken place. *Gilchrist,* 803 F.2d at 1500. As the EEOC suggests, Respondents can seek a limiting jury instruction to this effect.

*E.E.O.C. v. Pinal County,* 714 F.Supp.2d at 1079.

In this case, Defendant states that it intends to question Investigator Melendez about the factual underpinnings of his investigation, including whether an investigation was conducted in regard to Plaintiff's allegation that the termination of his employment was retaliatory. Defendant has also stated that the EEOC may properly assert objections to specific questions during the deposition on the basis of the deliberative process privilege if a question reasonably appears to seek privileged information. *Opposition (# 23), pg. 5, n. 1.* Given that limitation, it is not necessary for the Court to resolve the conflict between *Goddard and Pinal County* regarding whether discovery into the investigating agency's evaluations and deliberations should be permitted whenever a private plaintiff intends to introduce the agency's reasonable cause determination letter at trial.

*9 Defendant has demonstrated sufficient grounds for further discovery into the factual circumstances relating to the EEOC's investigation of Mr. Giezie's charges. This factual inquiry includes, but is not necessarily limited to, the number and length of meetings between Mr. Giezie and Investigator Melendez, and any statements that were either made about the facts or circumstances of the charges. Defendant is also entitled to obtain clarification regarding the discrepancies in the interview notes concerning the individuals who were actually interviewed and what information was obtained from them. Defendant is also entitled to determine what investigation Mr. Melendez conducted in regard to Plaintiff's amended July 2010 charge of retaliation.

Mr. Melendez and the EEOC assert that Mr. Melendez has no independent recollection of the investigation. The Court, however, is not convinced of this based on Mr. Melendez's declaration that he has reviewed the investigation file and does not recall anything outside the file. Mr. Melendez's recollection about particular relevant matters may be refreshed by questions posed to him during the deposition. He may also be able to provide relevant and useful information relating to his custom or practice in conducting an investigation, such as whether he makes notes of every interview conducted. Some of these matters could arguably be explored by having the EEOC answer written questions, presumably pursuant to Fed .R.Civ.Pro. 31. This procedure, however, is not likely to be either as efficient or less burdensome than the taking of Mr. Melendez's deposition, so long as the deposition is limited to factual matters (including customs and practices) relating to his investigation and the deposition is limited to a reasonable duration. The Court believes that Mr. Melendez's deposition, including questioning by all counsel, should not exceed three hours.

## CONCLUSION

Based on the foregoing, the Court concludes that the EEOC has not met its burden to justify an order precluding the Defendant from taking the deposition of EEOC investigator Mario Banos Melendez. The Court does, however, limit the scope of the deposition to factual matters (including customs

Case 3:21-cv-00352-MMD-CSD   Document 43-4   Filed 10/19/22   Page 15 of 15

**Giezie v. Valley Health System, LLC, Not Reported in F.Supp.2d (2012)**
116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

and practices) relating to the EEOC investigation of Plaintiff's charges of discrimination and retaliation and the deposition shall be limited to a total of three (3) hours duration. Counsel for the parties and the EEOC should confer on a reasonable date and time for conducting the deposition. Accordingly,

**IT IS HEREBY ORDERED** that Non–Party U.S. Equal Employment Opportunity Commission's (EEOC) Emergency Motion to Quash Subpoena; and for Protective Order (# 19) is **granted,** in part, and **denied,** in part, in accordance with the foregoing provisions of this order.

**IT IS FURTHER ORDERED** that the EEOC shall produce, in response to the subpoena previously served by Defendant, its investigative file regarding Mr. Giezie's charges of discrimination and retaliation by Defendant, except for those documents to which the EEOC asserts privilege. The EEOC shall provide an appropriate privilege log and any other required documentation necessary to invoke an asserted privilege(s).

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 3929446, 116 Fair Empl.Prac.Cas. (BNA) 1043, 96 Empl. Prac. Dec. P 44,611

## Footnotes

| | |
|---|---|
| 1 | The Court stayed the taking of the deposition pending its ruling on the EEOC's motion to quash and for a protective order. |
| 2 | The inaccurate use of templates apparently continues. The declaration of Mr. Melendez attached to the EEOC's motion to quash is actually entitled "DECLARATION OF BEN LUU." *Motion to Quash (# 19), Exhibit E.* |

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.