# EXHIBIT E

# EXHIBIT E



| | | |
|---|---|---|
| **AARON D. FORD**<br>*Attorney General* | | **JESSICA L. ADAIR**<br>*Chief of Staff* |
| **KYLE E. N. GEORGE**<br>*First Assistant Attorney General* | | **LESLIE NINO PIRO**<br>*General Counsel* |
| **CHRISTINE JONES BRADY**<br>*Second Assistant Attorney General* | | **HEIDI PARRY STERN**<br>*Solicitor General* |

**STATE OF NEVADA**

OFFICE OF THE ATTORNEY GENERAL

555 E. Washington Ave. Suite 3900
Las Vegas, Nevada 89101

October 23, 2022

**Via Electronic Mail**
Sandra Ketner
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
sketner@shjnevada.com

Re:    **Lucero Sanchez v. Renown Health; NERC #0112-18-0007R**

Ms. Ketner:

First, thank you for reaching out to me regarding your (and possibly plaintiff's) intent to depose NERC investigator Richard Brown. Per our discussion on August 31, 2022, the following statutes and caselaw are mainly what NERC relies on to oppose deposition and/or trial subpoenas.

As you are aware, NRS 233.190 generally precludes providing any information on specific cases investigated by NERC. However, NERC may provide the information to the parties except: (1) information obtained during negotiations for a settlement or attempts at mediating or conciliating the complaint[1], (2) investigative notes or reports, and (3) information that may be used to identify a person[2] who provided information during the investigation and who has requested anonymity. NRS 233.190(4).

Further, pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii), the court out of which a subpoena is issued must quash or modify a subpoena that "requires disclosure of privileged or other protected matter." It is NERC's position that after the parties receive the non-confidential information in NERC's investigative file, any additional requests seek protected information under the deliberative process privilege. *See United States E.E.O.C. v. Pinal County*, 714 F. Supp. 2d 1073 (S.D. Cal. 2010). *Pinal County* indicates that it is the parties' burden to show that they are seeking information unrelated to the deliberative process.

You proposed that the scope of Investigator Brown's deposition would be limited to a factual inquiry and not impinge on the deliberative process. Again, it is NERC's position under *Pinal County* that merely deposing on factual matters does not overcome a motion to quash. The three cases cited in *Pinal County* and the case you provided, *Giezie v. Valley Health Sys., LLC*, Case No.

---

[1] This is the only involvement NERC Administrator Kara Jenkins has in any case.

[2] Witnesses in the case.

Lucero Sanchez v. Renown Health;
NERC #0112-18-0007R
Page 2
September 23, 2022

2:12-cv-00036-ECR-GWF (D. Nev. Sep. 7, 2012), where the Court permitted the EEOC investigators to be deposed is distinguishable from these facts. Namely, those depositions were permitted to clarify illegible, ambiguous, or inconsistent information. However, "'clarification and interpretation' of the EEOC's determination letter would undoubtedly require revealing information about the EEOC's deliberative process, such as its analysis of the information obtained, its witness credibility evaluations, its evaluation of the evidence, the personal opinions of EEOC representatives, and the decision-making process of the EEOC. . . . As the EEOC observes, asking . . . any EEOC representative . . . to even set forth the selected facts which constitute the factual basis of the probable cause finding would infringe on the deliberative process privilege as it would reveal the EEOC's evaluation and analysis of the extensive factual information gathered by the agency." *Equal Emp't Opportunity Comm'n v. Evans Fruit Co.*, NO. CV-10-3033-LRS, 5 (E.D. Wash. Feb. 10, 2012).

All non-confidential documents have been provided to the parties, which includes all the facts discovered during the investigation. I have attached the Order from the United States Court District of Nevada granting EEOC's protective order preventing the deposition of EEOC employees. Although EEOC's determination letter was not going to be introduced at trial, the Court still stated that even if it were relevant, deposing the employees would not provide any information "independent of the documents already provided." Investigator Brown would only provide information that is duplicative and cumulative of information available in the investigative file. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Additionally, it has been at least three years since Investigator Brown worked on this file and has investigated over a hundred other files since then. He doesn't really have a recollection of this particular case.

In the event you determine to depose Investigator Brown, the Office of the Attorney General will accept service of his subpoena. I will also accept service by email. If possible, I would appreciate notice to provide me time to consult with NERC whether to file a motion to quash and/or protective order.

Thank you for your time and cooperation. Please let me know if you would like to discuss further.

Sincerely,

/s/ Sophia G. Long
Sophia G. Long
Senior Deputy Attorney General
ATTORNEY GENERAL'S OFFICE
slong@ag.nv.gov

Case 3:21-cv-00352-MMD-CSD   Document 43-5   Filed 10/19/22   Page 4 of 5
Case 3:10-cv-00473-JLS -JMA   Document 1   Filed 03/04/10   Page 65 of 74
Case 2:03-cv-01230-KJD-GWF   Document 20   Filed 06/15/2004   Page 1 of 2

```
                                    FILED    RECEIVED
                                    ENTERED  SERVED ON
                                    COUNSEL/PARTIES OF RECORD

                                    2004 JUN 15  A 9 29

                                    CLERK US   DISTRICT COURT
                                    DISTRICT OF NEVADA

                                    BY            DEPUTY
```

1

2

3

4

5

6               UNITED STATES DISTRICT COURT

7                    DISTRICT OF NEVADA

8                         * * *

9  EQUAL EMPLOYMENT            )
   OPPORTUNITY COMMISSION      )
10                            )
                Plaintiff,     )      CV-S-03-1230-KJD-(RJJ)
11                            )
   vs.                        )
12                            )
   SUN CAB COMPANY, INC., d/b/a/ )    O R D E R
13 NELLIS CAB COMPANY,          )
                               )
14                            )
                Defendant.     )
15 _____)

16        This matter came before the undersigned Magistrate Judge on Defendants' Motion to

17  Compel attendance at deposition (#13) and Plaintiff's Motion for Protective Order (#15). The

18  Court has considered the Motion to Compel (#13), Plaintiff's Opposition (#14), Plaintiff's

19  Motion (#15), Defendant's Reply and Opposition (#16) and Plaintiff's Reply.

20        Defendant seeks to depose three employees of Equal Employment Opportunity

21  Commission (the Commission) including the District Director, regarding the Commission's

22  investigation, decision and efforts of conciliation regarding claims of discrimination made

23  against the Defendant. The Defendant contends that conciliation is relevant and discoverable as

24  a good faith effort is a prerequisite to the jurisdiction of the Court. The Defendant seeks the

25  factual predicate for the letter of determination in an attempt to counteract its value if admitted at

26  trial.

27        The deposition of the employees will not be allowed regarding the investigation that led

28  to the letter of determination being issued. The Commission has agreed not to introduce the

20

Case 3:21-cv-00352-MMD-CSD   Document 43-5   Filed 10/19/22   Page 5 of 5
Case 3:10-cv-00473-JLS -JMA    Document 1    Filed 03/04/10   Page 66 of 74
Case 2:03-cv-01230-KJD-GWF      Document 20      Filed 06/15/2004      Page 2 of 2

1   Letter of Determination at trial, thus the investigation that led up to it is not relevant. Further

2   even if it were relevant, the Commission and the employees themselves admit that none of the

3   individuals subpoenaed have a personal recollection of the factual events that gave rise to

4   Commission filing suit in this case or the issuance of the letter of determination, which is

5   independent of the documents already provided.   Decl. of Perry, Kite, Nelson, attached to

6   Motion for Protective Order (#15). Also, the Commission has agreed to redact the Investigator's

7   Memorandum and disclose all factual information to the Defendant. Reply at p. 2.

8        The Depositions will not be allowed regarding the efforts at conciliation as the degree of

9   conciliation is not a jurisdictional prerequisite. Although the Commission must make an effort to

10  conciliate prior to filing suit, the Ninth Circuit has not held the adequacy of the effort is

11  jurisdictional. E.E.O.C. v. Pierce Packing Co., 669 F.2d 605, 608 (9th Cir. 1982). Therefore,

12  evidence beyond that conciliation was attempted does not remove the power of the court to hear

13  the case.   Further, none of the subpoenaed employees currently has an independent recollection

14  of the events. Decl. of Perry, Kite, Nelson, attached to Motion for Protective Order (#15).

15  Therefore, their testimony would be unlikely to lead to admissible information.

16                                    **ORDER**

17       Based on the foregoing and good cause appearing therefore,

18       IT IS HEREBY ORDERED Defendant's Motion to Compel (#13) is **DENIED.**

19       IT IS FURTHER ORDERED Plaintiff's Motion for Protective Order (#15) is **GRANTED.**

20  DATED this *14th* day of June, 2004.

21

22

23  ROBERT J. JOHNSTON
    United States Magistrate Judge

24

25

26

27

28

                                    - 2 -