# EXHIBIT F

# EXHIBIT F

**Sandra C. Ketner**

| | |
|---|---|
| **From:** | Sandra C. Ketner |
| **Sent:** | Friday, September 30, 2022 1:00 PM |
| **To:** | Sophia G. Long |
| **Cc:** | Luke Busby; Art Bayer, Jr. |
| **Subject:** | Subpoena and Deposition Notice for Investigator Brown |
| **Attachments:** | DOC093022.pdf |

DAG Long - attached is the deposition notice and subpoena for Compliance Investigator Richard Brown's deposition (which we tentatively set for October 25th). I have copied plaintiff's counsel on this email in the event that you are willing to discuss limitations on the deposition so that it goes forward without the need for motion practice and court intervention. As I mentioned, I am willing to limit the deposition in time and areas of inquiry and I believe that plaintiff's counsel may be willing to do the same. Hope you have a nice weekend and I look forward to hearing from you.

Sandra Ketner
Of Counsel
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive | Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087
C: 530-386-0798
sketner@shjnevada.com

PERSONAL AND CONFIDENTIAL: The information contained in this message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you believe you have received this e-mail message in error, please email the sender at sketner@shjnevada.com.

SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive,<br><br>    Defendant. | Case No.: 3:21-cv-00317-MMD-CSD<br><br>**DEFENDANT'S NOTICE OF TAKING DEPOSITION OF NERC COMPLIANCE INVESTIGATOR II RICHARD BROWN**<br><br>**Date: October 25, 2022**<br>**Time: 9:00 a.m.** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, DEFENDANT RENOWN HEALTH, by and through its counsel of record, will take the deposition of NERC Compliance Investigator II Richard Brown on October 25, 2022, at 9:00 a.m., at SIMONS HALL JOHNSTON, PC, 690 Sierra Rose Drive Reno, Nevada 89511, before a notary public or some other officer authorized by law to administer oaths and will be stenographically recorded. The deposition will continue from day to day, excluding non-business days, until completed.

DATED this 30th day of September 2022.

By: _____
SANDRA KETNER, ESQ.
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

1

**CERTIFICATE OF SERVICE**

I, Sandra Ketner, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada, by the law offices of Simons Hall Johnston PC. My business address is 690 Sierra Rose Drive, Reno, Nevada 89511, and my email address is sketner@shjnevada.com.  I am over the age of 18 years and not a party to this action.

On the date below, I served the foregoing **DEFENDANT'S NOTICE OF TAKING DEPOSITION OF NERC COMPLIANCE INVESTIGATOR II RICHARD BROWN** by causing the document to be served via electronic mail, and U.S. Mail addressed as follows:

> Richard Brown
> c/o Senior Deputy Attorney General Sophia Long
> 555 E. Washington Avenue, Suite 3900
> Las Vegas, Nevada 89101
> slong@ag.nv.gov
>
> Arthur J. Bayer, Jr., Esq.
> Nevada Bar No. 01366
> 18124 Wedge Parkway, #404
> Reno, Nevada 89511
> T: (775)315-3838
> abayer@aol.com
>
> Luke Busby, Esq.
> Nevada Bar No. 89509
> 316 California Avenue #2
> Reno, Nevada 89509
> T: (775)453-0112
> luke@lukeandrewbusbyltd.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on September 30th, 2022.

Employee of Simons Hall Johnston PC

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

A088B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the District of Nevada

| | |
|---|---|
| LUCERO SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:21-cv-00352-MMD-CSD |
| v. | ) |
| | ) |
| RENOWN HEALTH, a non-profit Nevada Corporation, | ) |
| and DOES 1-20, inclusive, | ) |
| | ) |
| Defendant. | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**TO:**     **NERC Compliance Investigator II Richard Brown, 1325 Corporate Blvd., Suite 115 Reno, NV 89502**
**c/o Snr. Deputy Attorney general Sophia G. Long via email (slong@ag.nv.gov)**

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.

| PLACE: | DATE AND TIME: |
|---|---|
| SIMONS HALL JOHNSTON, PC | |
| 690 Sierra Rose Drive Reno, Nevada 89511 | October 25, 2022 at 9:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME: |
|---|---|
| | |
| | |

        The provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     September **30**, 2022

             CLERK OF COURT

                                        OR

_____              _____
Signature of Clerk or Deputy Clerk                 Attorney's signature

The name, address, email address and telephone number of the attorney representing *RENOWN HEALTH, a non-profit Nevada Corporation and DOES 1-20, Inclusive.*, who issues or requests this subpoena, are:

SANDRA KETNER, ESQ., SIMONS HALL JOHNSTON PC, 690 Sierra Rose Drive, Reno, NV 89511
(775) 785-0088  sketner@shjnevada.com

### Notice to the person who isses or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is server on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

A088B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

**Civil Action No:** 3:21-cv-00352-MMD-CSD

## PROOF OF SERVICE
*(THIS SECTION SHOULD NOT BE FILED WITH THE COURT UNLESS REQUIRED BY FED .R. CIV. P. 45.)*

I received this subpoena for _____ on _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on _____, 2020; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also

tendered to the witness fees for one day's attendance and mileage allowed by law.

My fees are $_____ for travel and $_____ for services, for a total of $_____

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                                    *Server's Signature*


                                                _____
                                                                    *Printed name and title*


                                                _____
                                                                    *Server's address*

A088B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial- preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)