SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Defendant Renown Health*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive,<br><br>Defendant. | Case No.: 3:21-cv-00352-MMD-CSD<br><br>**MOTION FOR LEAVE TO FILE EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER SEAL** |

Pursuant to Local Rule IA 10-5 and the Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order (ECF No. 16) entered in this case, Defendant Renown Health ("Defendant" or "Renown"), by and through its counsel of record, Simons Hall Johnston PC, hereby moves for leave to file certain exhibits in support of Defendant's Motion for Summary Judgment under seal. Specifically, Defendant seeks to file Exhibits 1-11 that include or reference Plaintiff Lucero Sanchez's medical records or medical conditions under seal in accordance with the parties' Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order (ECF No. 16). This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument that this Court may entertain.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On October 26, 2021, this Court entered a Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order requiring the parties to treat Plaintiff's medical records and information as confidential and not subject to public review. (ECF No. 16); **Ex. A (Declaration of Sandra Ketner in Support of Defendant's Motion for Leave to File Exhibits Under Seal ("Ketner Decl.") at ¶3).** This Motion seeks leave to file Exhibits 1 through 11 in support of Defendant's Motion for Summary Judgment under seal because such exhibits contain Plaintiff's protected health information ("PHI") and/or otherwise discuss Plaintiff's private medical information, some of which is irrelevant to this action. Moreover, Plaintiff has a desire to keep such private and sensitive documents out of the public view which is compelling and outweighs the public's interest in Plaintiff's medical condition. **Ketner Decl. at ¶6.**

Specifically, portions of Plaintiff's deposition transcript (Ex. 1) as well as the transcripts of her treating medical providers, Dr. James Sobiek (Ex. 9) and Dr. Sanjai Shukla (Ex. 10), discuss sensitive information about Plaintiff's medical condition.[1] At the outset of the portion of Plaintiff's deposition discussing her medical condition, Plaintiff's counsel requested that such portions of the transcript be designated and protected by the terms of the parties' Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order, to which defense counsel agreed. **Ketner Decl. at ¶5.** Likewise, the deposition transcripts of Renown's workers compensation manager, Shawn Lavac (Ex. 8), and Nevada Equal Rights Commission ("NERC") Investigator Richard Brown (Ex. 11), whose deposition was permitted by this Court solely to address inconsistencies in Plaintiff's medical records and NERC's findings, discuss Plaintiff's medical condition.

Additionally, Plaintiff's medical records from Renown Occupational Health (Ex. 2) and Tahoe Fracture Orthopedic Clinic and Spine (Ex. 4) as well as other documents authenticated by Plaintiff during the confidential portion of her deposition (such as light duty job offers (Exs. 3 and

---

[1] The portions of Plaintiff's deposition transcript that do not discuss her medical records or condition will be publicly filed as Exhibit B to Defendant's Motion for Summary Judgment. **Ketner Decl. at ¶8.**

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

6-7) and photographs (Ex. 5)) include private medical information which Plaintiff desires to keep confidential and not subject to public review.[2] Thus, there is a compelling reason to allow Defendant to file these exhibits under seal.

## II. ARGUMENT

As stated in *Kamakana v. City and County of Honolulu*, "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Therefore, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of access by demonstrating "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-1179. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598; *accord Valley Broadcasting Co. v. U.S. Dist. Ct.*, 789 F.2d 1289, 1294 (9th Cir. 1986)).

Here, the documents which Defendant seeks to file under seal include Plaintiff's protected health information and sensitive information regarding her medical condition. Due to the private and sensitive nature of the records which outweigh any public interest in the matter, the documents should not be part of a publicly available court record. Therefore, Defendant requests leave to file Exhibits 1 through 11 in support of Defendant's Motion for Summary Judgment under seal.

## III. CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant it leave to file Exhibits 1 through 11 in support of Defendant's Motion for Summary Judgment Under Seal pursuant to the

---

[2] Previously in this litigation when responding to an emergency motion to quash on an order shortening time (ECF Nos. 41-42), Defendant inadvertently publicly filed an exhibit containing Plaintiff's personal health information that was marked "Confidential." (ECF No. 43). Plaintiff's counsel promptly objected and demanded the exhibit be retracted. **Ketner Decl. at ¶4.** Defendant complied with Plaintiff's counsel request by moving to retract and file the exhibit under seal, which the Court granted. (ECF Nos. 46-47).

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

terms of the protective order entered in this case.

DATED August 11, 2023

                              /s/ Sandra Ketner
                            SANDRA KETNER, ESQ.
                            SIMONS HALL JOHNSTON PC
                            690 Sierra Rose Drive
                            Reno, Nevada 89511

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of SIMONS HALL JOHNSTON PC, over 18 years of age, and that on this date I caused to be served a true copy of the foregoing **MOTION FOR LEAVE TO FILE EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT UNDER SEAL** on all parties to this action by the method(s) indicated below:

  X     I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following registered parties electronically:

Luke Busby, Esq.
316 California Ave., #82
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on August 11, 2023.

 /s/ Kelly Lee
An Employee of Simons Hall Johnston PC