# EXHIBIT M

# EXHIBIT M

# AFFIDAVIT OF RYAN CLARKE

STATE OF DELAWARE )
)ss.
COUNTY OF KENT )

I, Ryan Clarke, being first duly sworn, depose and state under penalty of perjury as follows:

1. I was previously employed by Renown Health ("Renown") as the Director of Security beginning on July 21, 2014, until my resignation on September 10, 2018. In my position as Director of Security, I was responsible for overseeing all safety and security matters at all Renown facility locations, including Renown's South Meadows location.

2. In the summer of 2015, I was notified that the organization terminated German Pineda, Food and Nutrition Services Manager at South Meadows, for suspected theft and other issues.

3. Due to the circumstances surrounding his termination, Mr. Pineda was ordered not to visit any Renown property (also referred to as "campus") and was prohibited from being on campus. Mr. Pineda's prohibition of being on campus was communicated to all members of the Security Department as well as other departments, such as the Food and Nutrition Services Department.

4. A few weeks after Mr. Pineda's termination, a report was received that Mr. Pineda was seen in the parking lot of the South Meadows campus entering a vehicle parked in the parking lot. Upon investigation, it was determined that the vehicle that Mr. Pineda was reportedly seen entering and moving items to or from was registered to Plaintiff Lucero Sanchez. This information was provided to the Human Resources Department.

5. After consultation with Suzanne Oetjen, then Director of Human Resources Business Partners, we decided to approach Ms. Sanchez and ask if she would voluntarily allow us to inspect her vehicle.

6. I was present when Ms. Oetjen met with Ms. Sanchez and explained that we received a report of an individual seen entering her vehicle. I was also present when Ms.

Page 1 of 2

1. Oetjen asked Ms. Sanchez if she would allow me to inspect her vehicle. Ms. Oetjen made it clear to Ms. Sanchez that her agreement to the search was purely voluntary. Ms. Sanchez had no objection to Ms. Oetjen's request and Ms. Sanchez voluntarily agreed to allow me to inspect her vehicle.

7. Neither me nor Ms. Oetjen pressured or coerced Ms. Sanchez into allowing the search of her vehicle. Contrary to Ms. Sanchez's claim, I did not block the door to the office in which we met with Ms. Sanchez to discuss our request to perform the vehicle search.

8. Upon obtaining Ms. Sanchez's permission to conduct the inspection, Ms. Oetjen, Ms. Sanchez and I walked to Ms. Sanchez's vehicle which was parked in a parking space in the front circle of the South Meadows' parking lot.

9. Upon inspection of Ms. Sanchez's vehicle, I did not find anything unusual or suspicious in the vehicle. I notified Ms. Sanchez that nothing unusual was found and thanked her for her cooperation.

10. Upon completion of the search, Ms. Sanchez was also advised that her vehicle was not registered through the Security Department as was required of all employee vehicles and she was instructed to obtain proper employee vehicle registration.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this __7__ day of November 2022.

_Ryan E Clarke_
Ryan Clarke

STATE OF DELAWARE   )
                    )ss.
COUNTY OF KENT      )

Subscribed and sworn to before me on this __7th__ day of November 2022.

_____
NOTARY PUBLIC

[Notary Seal: DIANE MOORE, NOTARY PUBLIC, STATE OF DELAWARE, COMMISSION EXPIRES 05-04-2023]