Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>RENOWN HEALTH, a Nevada Non-Profit Corporation, and DOES 1-20, inclusive,<br><br>    Defendant.<br>_____/ | Case No. 3:21-cv-00352-MMD-CSD<br><br>**ERRATA TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERAITON [ECF No. 87]** |

COMES NOW, Plaintiff Lucero Sanchez (hereinafter "Sanchez" or "Plaintiff") by and through the undersigned counsel, and hereby files the following Errata to Response in Opposition to the Motion for Reconsideration [ECF #87].

**MEMORANDUM OF POINTS AND AUTHORITIES**

In the Court's Order denying Summary Judgment, the Court made the following ruling:

> Plaintiff has presented the requisite very little evidence of pretext to survive summary judgment. For example, Plaintiff noted in the typewritten version of her diary that she was still being referred to as the 'catering coordinator' and being asked to perform catering tasks in 2017 (ECF No. 69-17 at 12), or after her demotion at the end of 2016 (ECF No. 77-17 at 2 (noting a 'date prepared' as December 29, 2016)). This is at least very little evidence that there was still catering work to be done, suggesting that Defendant's explanation for the demotion could be pretextual.

1

See ECF No. 81 at 14.

Subsequently, Renown filed a Motion for Reconsideration .

In Sanchez's Response in Opposition to the Motion for Reconsideration, the following argument was made:

> The Court specifically noted in its Order at ECF #81 at 14, Sanchez noted in her diary that she continued to be called the 'catering coordinator' and was tasked with catering duties in 2017, ECF No. 69-17, page 12. And that this occurred after she was demoted and had her pay cut at the end of 2016, See ECF No. 77-17, page 2.

See ECF No. 87 at page 8.

No date is provided for the diary entry at ECF No. 69-17, page 12, but because it was included at the end of ECF No. 69-17, the undersigned counsel believed, as did the Court, that the entry was form 2017, as the exhibit 69-17 appears to otherwise be in chronological order.  ECF No. 69-17 was disclosed by the Plaintiff to the Defendants with her initial disclosures in November of 2021.

On May 22, 2024, at 5:01 p.m. counsel for Renown brought to the attention of the undersigned counsel an issue related to the Court's finding that Ms. Sanchez was tasked with catering duties in 2017 based on the contents of ECF No. 69-17 page 12, which is attached hereto as Exhibit 1. In the Plaintiff's Response in Opposition to Motion for Summary Judgment [ECF No. 77] the Plaintiff did not cite ECF 69-17.

A separate document, attached hereto as Exhibit 2, provided in during discovery in this matter in response to a subpoena to the EEOC, but not brought to the Court's attention or the undersigned counsel's attention in the papers surrounding the Motion for Summary Judgment [ECF No. 69] or Motion for Reconsideration [ECF No. 83] is a copy of the same diary entry, but a date of "September 2016" for the entry at issue is provided.

Therefore, the undersigned counsel files this errata and withdraws the representation to the Court based on the contents of ECF No. 69-17 page 12 made

in Sanchez's Response to Renown's Motion for Reconsideration at ECF No. 69-17 page 12 that this diary entry was from 2017. The diary entry relied on by the Court in its Order appears to be from September of 2016, not 2017.

RESPECTFULLY SUBMITTED this Thursday, May 23, 2024

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

## **Exhibit List**

1. ECF No. 67-17
2. Renown Disclosure Bates No. 883

3

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing document by:

_____        personally delivering;

_____        delivery via Reno/Carson Messenger Service;

_____        sending via Federal Express (or other overnight delivery service);

_____        depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__x___        delivery via electronic means (fax, eflex, NEF, etc.) to:

Sandra Ketner
Of Counsel
SIMONS HALL JOHNSTON PC
690 Sierra Rose Dr. Reno, NV 89511
T: 775.785.0088 | F: 775.785.0087

By: ____/s/ Luke Busby, Esq. _____        Dated: __May 23, 2024___
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff

4