UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>                      Plaintiff,<br>    v.<br><br>RENOWN HEALTH,<br><br>                      Defendant. | Case No. 3:21-cv-00352-MMD-CSD<br><br>ORDER |

**I.     SUMMARY**

Plaintiff Lucero Sanchez sued her employer, Defendant Renown Health, under Title VII of the Federal Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 1981, 2000e, *et seq.*, and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.*, for allegedly discriminating against her and subjecting her to a hostile work environment based on her national origin, failing to adequately accommodate her after she injured both knees at work, and retaliating against her when she complained about the way Defendant treated her—inflicting emotional distress in the process. (ECF No. 5.) Before the Court is Defendant's motion for reconsideration of only the portion of the Court's prior order (ECF No. 81 ("Prior Order") at 12-14) denying Defendant summary judgment on Plaintiff's retaliation claim (ECF No. 83).[1] Plaintiff subsequently filed an erratum (ECF No. 91) effectively conceding that there is no evidence—contrary to the Court's finding in the Prior Order—supporting the pretext element of her retaliation claim, and Defendant filed a motion for leave to file a surreply (ECF No. 93) to effectively highlight the implications of Plaintiff's erratum, suggesting it compels the conclusion that the Court must grant the motion for reconsideration. As further explained below, the Court will grant the motion for reconsideration and deny the motion for leave to file a surreply as moot.

---

[1]Plaintiff filed a response (ECF No. 87), and Defendant filed a reply (ECF No. 88).

## II.     DISCUSSION

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Particularly considering the content of Plaintiff's erratum (ECF No. 91), the Court finds that letting the pertinent section of its Prior Order stand would be manifestly unjust. The Court found in pertinent part:

> Plaintiff has presented the requisite very little evidence of pretext to survive summary judgment. For example, Plaintiff noted in the typewritten version of her diary that she was still being referred to as the 'catering coordinator' and being asked to perform catering tasks in 2017 (ECF No. 69-17 at 12), or after her demotion at the end of 2016 (ECF No. 77-17 at 2 (noting a 'date prepared' as December 29, 2016)). This is at least very little evidence that there was still catering work to be done, suggesting that Defendant's explanation for the demotion could be pretextual.

(ECF No. 81 at 14.)

Defendant seeks reconsideration of this finding, arguing in pertinent part that the page of Plaintiff's diary upon which the Court relied was not necessarily sequential, and thus does not necessarily show it was made after she was demoted, so does not necessarily support the inference of pretext the Court drew in her favor. (ECF No. 83 at 8-12.) This same diary entry is also the only evidence Plaintiff points to in response to Defendant's motion for reconsideration, writing, "[e]ven after her demotion, Sanchez was still referred to as the 'catering coordinator' and tasked with associated duties (ECF No. 69-17 at 12 and ECF No. 77-17 at 2), which shows that the demotion was been in name

and pay only, a pretext for retaliation." (ECF No. 87 at 9; *see also id.* at 8 (making the same point in reliance on the same diary entry).)

But then Plaintiff filed her erratum, in which her counsel explains that Defendant's counsel recently brought to his attention another copy of the same diary entry, but dated September 2016, as opposed to the undated page upon which the Court relied in its Prior Order. (ECF No. 91 at 2; *compare* ECF No. 69-17 at 12 (lacking date) *with* ECF No. 91-2 (including the notation "On September 2016.").) Based on this disclosure, Plaintiff's counsel:

> withdraws the representation to the Court based on the contents of ECF No. 69-17 page 12 made in Sanchez's Response to Renown's Motion for Reconsideration at ECF No. 69-17 page 12 that this diary entry was from 2017. The diary entry relied on by the Court in its Order appears to be from September of 2016, not 2017.

(ECF No. 91 at 2-3.)

The implication is clear: the excerpted portion of the Cour's Prior Order cannot stand because it is inaccurate. The diary entry the Court relied upon to find some evidence of pretext was made in September 2016, or before Plaintiff was demoted. (*Id.*) It thus cannot support the inference that there was at least some catering work still to be done after Plaintiff was demoted. And Plaintiff has pointed to no other evidence that could potentially show pretext to counter Defendant's proffered nondiscriminatory reason for Plaintiff's demotion; that there was little catering work to be done and Plaintiff was mostly performing cashiering duties anyway. (ECF No. 81 at 14.) But Plaintiff must proffer evidence of pretext for her retaliation claim to survive summary judgment under these circumstances. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003), *as amended* (Jan. 6, 2004). Because she admits she cannot, her retaliation claim fails.

The Court will accordingly grant Defendant's motion for reconsideration and find that Defendant is entitled to summary judgment on Plaintiff's retaliation claim. And considering this resolution, the Court will deny Defendant's motion for leave to file a surreply as moot. The Court does not need additional briefing to reach the conclusion in reaches in this order anyway.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for reconsideration (ECF No. 83) is granted.

It is further ordered that Defendant is entitled to summary judgment on Plaintiff's retaliation claim (ECF No. 5 at 11-12).

It is further ordered that the Court vacates only the portion of its prior order (ECF No. 81 at 12-14) denying Defendant summary judgment on Plaintiff's retaliation claim.

It is further ordered that Defendant's motion for leave to file a surreply (ECF No. 93) is denied as moot considering the Court's resolution of Defendant's motion for reconsideration.

DATED THIS 28th Day of May 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE