SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Defendant Renown Health*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LUCERO SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RENOWN HEALTH, a non-profit Nevada Corporation, and DOES 1-20, inclusive,<br><br>Defendant | Case No.: 3:21-cv-00352-MMD-CSD<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL** |

Defendant Renown Health ("Defendant" or "Renown"), by and through its counsel of record, hereby opposes Luke Busby's Motion to Withdraw as Counsel for the reasons stated below. This Opposition is made and based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

### MEMORANDUM OF POINTS AND AUTHORITIES

While preparing Defendant's portion of the Joint Pretrial Order ("JPTO"), defense counsel discovered a diary that Plaintiff provided to Renown during Renown's internal investigation into her allegations of harassment, discrimination, and retaliation asserted in her Charge of Discrimination filed with the Nevada Equal Rights Commission ("NERC") in late 2017 or early 2018. This version of Plaintiff's diary was extremely similar to the typewritten diary produced by Plaintiff in this case with the exception of the last two pages – which differed significantly from the version produced by Plaintiff during the discovery phase of this case.

Upon discovery of the diary on May 22, 2024, defense counsel notified Mr. Busby of the matter by email. Mr. Busby and the undersigned defense counsel spoke by phone the following day. Mr. Busby was unable to share any details regarding how different versions of Plaintiff's diary were created or produced (presumably due to the protection of attorney-client privileged communications). Nevertheless, Mr. Busby represented that he was not previously aware of the existence of different versions of the diary until defense counsel notified him the day before. Defense counsel informed Mr. Busby that Renown intended to file a motion for leave to file a surreply in support of its previously filed Motion for Reconsideration as well as file a motion for sanctions in light of this discovery.[1] Mr. Busby represented to defense counsel that he was considering withdrawing as Plaintiff's counsel. Later that day, Mr. Busby filed the Motion to Withdraw as Counsel due to a "fundamental breakdown in the attorney client relationship." (ECF No. 92).

Defendant assumes that Mr. Busby's request to withdraw as Plaintiff's counsel is due to the bad faith conduct and fabrication of evidence described above as well as in detail in Defendant's Motion for Sanctions filed on June 5, 2024. (ECF No. 98). As explained in Defendant's Motion for Sanctions, Renown and its counsel have not received any explanation from Plaintiff or her counsel regarding how this situation occurred. Therefore, Renown does not know at this time whether Plaintiff or Mr. Busby or Plaintiff's prior counsel, Arthur Bayer, Esq.,[2] (or all of them) are complicit in this clear falsification of evidence. As a result, Renown is seeking the imposition of sanctions against both Plaintiff and her current and former counsel until any of those parties present credible

---

[1] Judge Du denied Renown's request for summary judgment on Plaintiff's retaliation claim by relying upon an entry in the typewritten diary produced by Plaintiff in this litigation. However, the version of the diary discovered by defense counsel when preparing the JPTO clearly demonstrated that Judge Du's reliance was misplaced. On May 23, 2024, Mr. Busby filed an Errata to Plaintiff's Response in Opposition to Motion for Reconsideration [ECF No. 87] to correct his representations and reliance on the diary entry. (ECF No. 91). On May 24, 2024, Renown filed Defendant's Motion for Leave of Court to File Surreply in Support of Motion for Reconsideration. (ECF No. 93). By Order dated May 28, 2024, Judge Du granted Renown's Motion for Reconsideration and ordered summary judgment in favor of Renown on Plaintiff's retaliation claim. (ECF No. 94).

[2] Mr. Bayer's request to withdraw as Plaintiff's counsel was granted by order of this Court dated March 16, 2023. (ECF No. 58).

exculpatory evidence to the Court regarding their involvement or lack thereof. While Renown is not necessarily pointing the finger at Mr. Busby, he signed and served Plaintiff's written discovery responses as well as the disclosures in which Plaintiff's diaries were produced. Therefore, Defendant opposes Mr. Busby's request to withdraw as Plaintiff's counsel until the Court issues a decision regarding Defendant's pending Motion for Sanctions. Accordingly, Defendant respectfully requests that this Court deny Mr. Busby's Motion to Withdraw as Counsel.

DATED this 6th day of June 2024.

_____
SANDRA KETNER, ESQ.
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of SIMONS HALL JOHNSTON PC, over 18 years of age, and that on this date I caused to be served a true copy of the foregoing **OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL** on all parties to this action by the method(s) indicated below:

    X    I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following registered parties electronically:

Luke Busby, Esq.
316 California Ave., #82
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on June 6, 2024.

    /s/*Terri Tribble*
    An Employee of Simons Hall Johnston PC