Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

LUCERO SANCHEZ,

     Plaintiff,

     vs.

RENOWN HEALTH, a Nevada Non-Profit
Corporation, and DOES 1-20, inclusive,

     Defendant.

_____/

Case No. 3:21-cv-00352-MMD-CSD

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO MOTION FOR
SANCTIONS [ECF No. 98]**

     COMES NOW, Plaintiff Lucero Sanchez (hereinafter "Sanchez" or "Plaintiff")
by and through the undersigned counsel, and hereby files the following Response
in Opposition to the Motion for Sanctions [ECF #98] filed by Defendant RENOWN
HEALTH, a Nevada Non-Profit Corporation on June 5, 2024.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Renown's Motion**

     Renown alleges that Lucero Sanchez intentionally altered or fabricated her
diary to support her legal claims against them. According to Renown, Sanchez's
typewritten diary, produced during discovery, contains discrepancies when compared
to her handwritten diary and another version of the typewritten diary submitted to the
Nevada Equal Rights Commission (NERC). Renown points out that certain entries in

1

the typewritten diary were modified to suggest events occurred in 2017, after Sanchez's demotion, which would support her claims of continued catering duties. However, in the unaltered diary, these entries are dated 2016, which undermines her allegations. Additionally, Renown discovered that several critical diary entries were omitted from the version Sanchez produced during discovery, entries that could potentially support Renown's case. This led Renown to conclude that Sanchez, possibly with her counsel's involvement, engaged in bad faith conduct by falsifying evidence to strengthen her case, warranting severe sanctions including dismissal of her claims and reimbursement of legal fees incurred by Renown in addressing these issues. While Renown is correct that the diary was altered, it is incorrect as to when and how the alterations occurred.

## II.     Background

Sanchez was born in Durango, Mexico and first moved to the United States in 1981.  Sanchez did not complete the third grade because she returned to Mexico and worked on a farm.  Sanchez returned to the United States around the age of 15 and started working in housekeeping. Sanchez is an unsophisticated Plaintiff and was misled by her previous counsel that allowing him to direct her to edit her diary in 2017 was appropriate. See Conf. Exhibit 1 to the Defendant's Opposition to Motion for Summary Judgment at ECF No. 77-1 Deposition of Lucero Sanchez at 14:12, 16:22, and 17:22.

## III.    Why there are differing typewritten versions of the "diary"

As detailed in the Declaration of Lucero Sanchez in Exhibit 1, attached hereto, in 2017 Ms. Sanchez provided a typewritten copy of her Diary to her previous counsel Mr. Art Bayer who then proceeded to direct her edit it.  In her Declaration, Sanchez identifies the handwritten diary attached to her Declaration as Attachment A, with additional entries on separate sheets (Attachment B). At Mr. Bayer's request, she typed a copy of the handwritten versions of her diary in 2017 (Attachment C) and provided it to Mr. Bayer for editing. The edited version (Attachment D) was likely

provided to Renown and NERC. Emails from 2017 where Mr. Bayer discusses the edits are attached to Sanchez's Declaration as Attachment E. In her declaration, Sanchez states she believed (based on what Bayer told her) the edits were to clarify her experiences and that they were appropriate. She confirms that the original versions of her diary are presented in Attachments A and C.

In response to Interrogatory No. 15, in ECF 98-8, which requested "any and all diaries or calendars kept by you from January 1, 2014, to the present," the Plaintiff properly responded by stating that all such documents had been disclosed and referred the Defendants to the documents in Bates Nos. 1436-1474 and 1550-1562, which are the handwritten versions of the diary disclosed by Sanchez and described in Attachments A and B to her Declaration in Exhibit 1 attached hereto.

## IV.   Background

The Plaintiff disclosed the handwritten diaries in Bates Nos. 1436-1474 and 1550-1562 to Renown in the Plaintiffs' Initial Disclosures (November 8, 2021 ECF No. 98-2), First Supplement (November 12, 2021 ECF 98-4), and Second Supplement (November 22, 2021 ECF 98-6) respectively.

On January 12, 2022, Renown served its First Supplemental Disclosures, which included NERC's response to a subpoena issued by Renown at the outset of discovery.  Another version of Sanchez's typewritten diary was included in NERC's response and was bates stamped RENOWN000874-RENOWN000884.

On August 11, 2023, Renown filed for Summary Judgment and included the versions of the diaries at SANCHEZ001266-SANCHEZ001280 [ECF No. 69-17], which is a typewritten version of the diary, SANCHEZ001436 -SANCHEZ001474 [ECF No. 69-16].

In the Court's Order denying Summary Judgment, the Court made the following ruling:

> Plaintiff has presented the requisite very little evidence of pretext
> to survive summary judgment. For example, Plaintiff noted in the
> typewritten version of her diary that she was still being referred to

> as the 'catering coordinator' and being asked to perform catering tasks in 2017 (ECF No. 69-17 at 12), or after her demotion at the end of 2016 (ECF No. 77-17 at 2 (noting a 'date prepared' as December 29, 2016)). This is at least very little evidence that there was still catering work to be done, suggesting that Defendant's explanation for the demotion could be pretextual.

See ECF No. 81 at 14.

On March 18, 2024, Renown filed a Motion for Reconsideration [ECF No. 83] seeking that the Court reverse its Order denying summary judgment to Renown on Sanchez's Title VII retaliation claim.

In Sanchez's Response in Opposition to the Motion for Reconsideration, the following argument was made:

> The Court specifically noted in its Order at ECF #81 at 14, Sanchez noted in her diary that she continued to be called the 'catering coordinator' and was tasked with catering duties in 2017, ECF No. 69-17, page 12. And that this occurred after she was demoted and had her pay cut at the end of 2016, See ECF No. 77-17, page 2.

See ECF No. 87 at page 8.

On May 22, 2024, at 5:01 p.m. counsel for Renown brought to the attention of the undersigned counsel an issue related to the Court's finding that Ms. Sanchez was tasked with catering duties in 2017 based on the contents of ECF No. 69-17 page 12. See ECF No. 98-12. No date is provided for the diary entry at ECF No. 69-17, page 12, but because it was included at the end of ECF No. 69-17, the undersigned counsel believed, as did the Court, that the entry was form 2017, as the exhibit 69-17 appears to otherwise be in chronological order.

Mr. Bayer was counsel for Ms. Sanchez until March 15, 2023, when Mr. Bayer filed a Motion to Withdraw as Counsel, which was granted.  The undersigned counsel did not begin to assist Ms. Sanchez with her claims until summer of 2021, long after Mr. Bayer directed Sanchez to alter the diary in 2017, according to the emails in Attachment E to Sanchez's Declaration in Exhibit 1.  The undersigned counsel was

4

1    not aware of the fact that the typewritten version diary had ever been altered until the

2    issue was brough to his attention by Ms. Ketner on May 22, 2024.

3          As detailed in Renown's Motion, Renown's efforts to resolve the dispute at hand

4    did not involve any meaningful effort to meet and confer, rather, emails with

5    ultimatums and threats were sent.  As shown in Exhibit 12 to Renown's Motion at 98-

6    12, Renown's counsel first emailed the undersigned counsel at 5:01 p.m. on May 22,

7    2024.  There was no request to meet and confer.  Rather, there was a demand that,

8    "I would hope that you will promptly agree to dismiss the retaliation claim. Please let

9    me know by tomorrow morning as I am going out of town for the holiday weekend and

10   need to get something on file before I leave. Feel free to call me if you want to discuss."

11   ECF 98-2 at page 2.  This did not provide the undersigned counsel with adequate time

12   to resolve the issue, which as described above, involved determining when and how

13   the diary was altered.

14         On May 23, 2024, the next morning, after speaking with counsel for Renown

15   and acknowledging that an errata was required under NRPC 3.3(a)(3), the

16   undersigned counsel filed the Errata to the Plaintiff's Response in Opposition to the

17   Motion for Reconsideration at ECF No. 91, and withdrew the representation to the

18   Court based on the contents of ECF No. 69-17 page 12 made in Sanchez's Response

19   to Renown's Motion for Reconsideration at ECF No. 69-17 page 12 that this diary

20   entry was from 2017.

21         On May 28, 2024, the Court issued an Order at ECF No. 94 granting the Motion

22   for Reconsideration and Granting Summary Judgment on the Plaintiff's Title VII

23   Retaliation claim.

24   **V.     Renown did not comply with the Civil Standing Order**

25         Under this Court's Civil Standing Order (ECF No. 27) Section V.B., before filing

26   a discovery motion, the parties are required to follow an informal discovery dispute

27   procedure. Initially, lead counsel for each party must meet and confer in person, via

28   videoconference, or telephone to resolve the dispute, as mere exchanges of letters or

emails are insufficient. If unresolved, the party seeking or opposing discovery files a "Motion Regarding Discovery Dispute," limited to 5 pages, including a declaration of meet and confer efforts and relevant discovery requests and responses. The motion should detail the unresolved issues, the moving party's position with supporting facts and legal authority, and the requested resolution. The opposing party must respond within 2 court days, adhering to the same page limit and including only necessary exhibits. The response must also outline the unresolved issues, the opposing party's position, and their proposed resolution. The court will then review both filings to decide if formal briefing or further proceedings are needed.

Renown failed to comply with this process, and in such cases, the Standing Order in Section 1 states: "Failure to comply with these rules and orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions."  As Renown failed to comply with the standing Order, the Motion should be denied.

**VI.     Renown did not comply with the requirement to meet and confer**

Under LR IA 26-6(c) a discovery motion must be accompanied by a meet and confer certification:

> Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Under LR IA 1-3(f) defines "meet and confer" as follows:

> Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order.  This requirement is reciprocal and applies to all participants.  Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.  The

exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

Under LR IA 1-3(f)(1-4) also require a party filing a motion subject to the meet-and-confer requirement must submit a declaration detailing all efforts, including the time, place, manner, and participants of the conference. The movant must certify that, despite sincere efforts, the parties could not resolve or narrow the dispute without court intervention. Non-compliance with this requirement may lead to appropriate sanctions under LR IA 11-8 and may result in the denial of the motion.

The facts presented do not demonstrate a sincere effort to resolve the issue on Renown's part. As an unsophisticated plaintiff, Sanchez was misled by her previous counsel into believing it was appropriate for him to direct her edit her diary. Renown's approach to resolving the dispute involved issuing ultimatums rather than engaging in meaningful dialogue. On May 22, 2024, Renown's counsel sent an email at 5:01 p.m., demanding a prompt dismissal of the retaliation claim without any effort to meet and confer, providing an inadequate timeframe for Sanchez's undersigned counsel to respond appropriately. Renown relied on emails and threats, violating both the spirit and letter of the court's procedural rules, thereby failing to demonstrate a good faith effort to resolve the dispute without Court intervention.

**VII.    Sanctions are not justified under FRCP 37(c)**

Under NRCP 37(c), if a party fails to disclose information or identify a witness as required by Rule 26(a) or (e), they are generally barred from using that information or witness in motions, hearings, or trials, unless the failure is substantially justified or harmless. The court can impose sanctions, including ordering the payment of reasonable expenses and attorney's fees, informing the jury of the failure, or imposing other appropriate sanctions. The discrepancies between the typewritten and handwritten diaries arose from edits made under the guidance of Sanchez's previous counsel in 2017, Mr. Bayer, which Sanchez believed were appropriate to clarify her experiences. These edits do not amount to a failure to disclose but rather a misunderstanding by Ms. Sanchez influenced by her former counsel. When the

discrepancies were brought to the attention of the undersigned counsel, immediate corrective action was taken, including filing an errata to address and rectify the issue. As the disclosure of the original diaries occurred in a timely and correct manner, any perceived failure did not result in prejudice to Renown. Consequently, imposing sanctions on Sanchez under NRCP 37(c) is unwarranted, as the core requirement of disclosure was met, and any subsequent issues were promptly and effectively addressed.

Further, under FRCP 37(c), sanctions are not warranted against counsel because the rule does not permit sanctions against an attorney. See *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 141 (3d Cir. 2009); *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003); *Apex Oil Co. v. Belcher Co. of N.Y.*, 855 F.2d 1009, 1014 (2d Cir. 1988).  Renown's request for dismissal of Sanchez's failure to accommodate claim should be denied because any discrepancies in the diary were a result of Sanchez's previous counsel's actions in 2017, not a failure to disclose under FRCP 37(c)(1)(C). Again, Renown's understanding of the timeline related to the diaries is backward.  The request for attorney's fees for its Motion for Reconsideration and Motion for Leave of Court to File Surreply in Support of Motion for Reconsideration should be denied as the diary discrepancies (which both counsel for Renown and the undersigned counsel failed to recognize) were promptly addressed and corrected once discovered, negating any claim of bad faith or improper conduct warranting sanctions under FRCP 37(c)(1)(A). The request for attorney's fees for the Motion for Sanctions should be denied because of the failure to meet and confer as required, and the discrepancies in the diary were promptly corrected FRCP 37(c)(1)(A).  The request to inspect and examine Sanchez regarding her diaries should be denied as it would be unduly burdensome and unnecessary given the immediate corrective actions taken upon discovering the discrepancies. Renown has had the diaries for years and may address the factual issues surrounding the diaries at trial.  The request for a jury instruction should be denied since the alterations were made under previous

counsel's direction in 2017, as described above. Renown's request to preclude diary entries should be denied because the discrepancies were promptly corrected and do not warrant a sanction of exclusion from trial, particularly as the core evidence, Ms. Sanchez handwritten diary, was disclosed properly.

**VIII.   Dismissal of Sanchez's Title VII Retaliation Claim was the appropriate corrective response to the factual discrepancy – any prejudice to Renown has been cured**

Renown alleges that Sanchez intentionally altered her diary to support her claims based on the theory that that the version of the diary Sanchez was questioned about at her deposition was the "altered" version.  As described above, Renown has its chronology in reverse, and the "altered" version is the one disclosed by NERC in response to Renown's subpoena.

Further, based on their own recitation of the facts, Renown has possessed these disputed documents for years, and their theory that Sanchez manipulated the diary for the reasons described in Renown's Motion would require a level of sophistication and understanding of the case that Sanchez, with her limited education and reliance on previous counsel's guidance, simply lacks.

Additionally, the edits to the diary took place in 2017, long before this case, which was filed in August of 2021. Renown's counsel and the undersigned counsel have had access to both versions of Sanchez's diary for several years, but both failed to recognize the discrepancies between them. This oversight on both parties' part indicates that the differences were not immediately apparent or significant enough to be noticed until a discrepancy became apparent after an entry of the diary was relied on by the Court in its Order denying Renown's Motion for Summary Judgment, as described above. Neither party scrutinizing the evidence identified the discrepancies until very recently, after both parties briefed the motion for summary judgment and a motion for reconsideration.  As the parties have expressed to the Court, the sheer volume of documents disclosed in this case, "More specifically, Plaintiff produced over

2,000 documents while Defendant produced over 8,000 documents" [See Order at ECF No. 90] makes the circumstances understandable.

When the issue of the diary discrepancies was brought to the undersigned counsel's attention, corrective action was taken promptly and transparently. The undersigned counsel immediately filed an erratum to address and correct the record, demonstrating good faith in rectifying any mistake. The prompt correction negates any argument that Renown suffered significant prejudice.

**IX.    The Motion seeks sanctions against Ms. Sanchez, the undersigned, and Mr. Bayer, but Mr. Bayer was not served with the Motion**

In its Motion, Renown seeks sanction against Sanchez, the undersigned counsel, and Mr. Bayer, Sanchez's previous counsel.  As Mr. Bayer is the party who in culpable, i.e. Mr. Bayer directed Sanchez to make edits to her "diary" as shown in Attachment E to Exhibit 1, Bayer likely violated Nevada Rule of Professional Conduct ("NRPC") 3.3, candor towards the tribunal, and NRCP 3.4, fairness to opposing counsel.

Where a court can sanction a party under its inherent powers, under the applicable factors, sanctions on the undersigned counsel and Ms. Sanchez are not warranted because the wrongful conduct occurred in 2017, long before the undersigned counsel became involved in the case. "The following factors should be evaluated when determining whether dismissal is an appropriate sanction: (1) the public's interest in-expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking the sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Da Silva v. Smith's Food & Drug Ctrs.*, No. 2:12-cv-00595-GMN-VCF, 2013 U.S. Dist. LEXIS 81217, at *5 (D. Nev. Feb. 6, 2013) citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Sanchez, an unsophisticated plaintiff with limited education, was misled by her previous counsel, Mr. Bayer, into believing that editing the diary was appropriate. Mr.

Bayer directed the edits in 2017, long before the current case began in 2021. Renown's claim of bad faith conduct by Sanchez is unfounded given her lack of sophistication and reliance on her previous counsel's wrongful guidance. The undersigned counsel, unaware of the diary alterations until recently, promptly addressed the issue upon learning of it. Furthermore, Renown failed to comply with procedural requirements, including the meet and confer obligations. Renown's approach lacked sincere efforts to resolve the dispute without the need for Court intervention, drawing incorrect conclusions about the circumstances surrounding the alteration of the diary, relying instead on ultimatums and threats.

Sanctions and the undersigned counsel are unwarranted under the relevant standards. The public interest in the expeditious resolution of litigation, the need for docket management, the risk of prejudice, public policy favoring case disposition on merits, and the availability of less drastic sanctions all weigh against imposing any sanction, much less severe case-ending sanctions. At the end of the day, in this case, the version of the diary relied upon by Renown in its motions were the correct versions, so there was no prejudice against Renown.

Therefore, sanctions should not be imposed on Sanchez or the undersigned counsel, considering that Renown failed to follow the proper procedures in seeking sanctions and jumped the gun in filing its Motion before fully understanding the facts or allowing the facts surrounding Sanchez's diary to be investigated by the undersigned counsel.

///

///

///

///

///

///

///

**X.      Conclusion**

WHEREFORE, Sanchez respectfully requests that the Motion be denied.

RESPECTFULLY SUBMITTED this Wednesday, June 19, 2024.

By:___/s/ Luke Busby, Esq._____
Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com


## **Exhibit 1**

1.  June 15, 2024 Declaration of Sanchez

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing document by:

_____          personally delivering;
_____          delivery via Reno/Carson Messenger Service;
_____          sending via Federal Express (or other overnight delivery service);

_____           depositing for mailing in the U.S. mail, with sufficient postage affixed
                 thereto; or,

___x___          delivery via electronic means (fax, eflex, NEF, etc.) to:


Sandra Ketner
Of Counsel
SIMONS HALL JOHNSTON PC
690 Sierra Rose Dr. Reno, NV 89511
T: 775.785.0088 l F: 775.785.0087


By:  /s/ Luke Busby, Esq.          Dated: Wednesday, June 19, 2024.
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff

13